| 133 | 183 |
| 144 | 30 |
| 133 | 183 |
| 157 | 103 |
| 133 | 183 |
| 62a | 593 |
| 133 | 183 |
| 166 | 121 |
| 133 | 183 |
| 173 | 611 |
| 133 | 183 |
| 79a | 539 |
| 133 | 183 |
| 191 | 1552 |

CARTER SMITH

*v.*

FRANK L. STEVENS.

*Filed at Ottawa May 14, 1890.*

1. PRACTICE—*after dismissal or affirmance—on appeal or error—re-investment of trial court with jurisdiction.* Where an appeal or writ of error is prosecuted to the Supreme or Appellate Courts, and such appeal or writ of error is dismissed, or the judgment, order or decree is affirmed, a certified copy of the order of dismissal or affirmance, when filed in the court below, operates as a *procedendo,* and re-invests the trial court with jurisdiction to proceed in all respects as though no appeal had been taken or writ of error prosecuted.

2. LIMITATION—*as against a judgment—and herein, of the distinction between a judgment for the recovery of land, and a mere judgment lien.* The right of a plaintiff in ejectment to recover the possession of the land established by the judgment should not be confused with the mere lien of a judgment upon the lands of the judgment debtor, which the statute gives as a collateral right to the plaintiff in a money judgment. Such lien is the mere right to have the lands to which it attaches sold for the purpose of making the debt; and this right expires, unless enforced within the statutory period, and when expired, is incapable of revival. But where land, or rather its possession, is recovered, the plaintiff's right to the land as established is not lost by the lapse of seven years.

3. SAME—*and herein, also, in case of scire facias to revive a judgment.* A judgment in ejectment for the recovery of land, or the plaintiff's right to the debt or damages recovered in a money judgment, is not extinguished by the lapse of seven years; but the plaintiff's right to the subject recovered continues, and is capable of enforcement, in a proper mode, so long as the judgment itself is not barred by the Statute of Limitations. That statute provides that judgments of courts of record in this State may be revived by *scire facias,* or an action of debt may be brought thereon, within twenty years from the date of such judgment.

4. The proceeding by *scire facias* to revive a judgment is not an original suit, but is merely a continuation of the suit in which the judgment is rendered. Therefore, the Statute of Limitations does not run after the commencement of the original suit. The only limitation available in such cases is that which bars the judgment itself, viz., twenty years.

5. SCIRE FACIAS *to revive a judgment—of its character as a pleading—and its requisites.* In a proceeding to revive a judgment by *scire facias*, no declaration is required, but the writ takes the place and performs the office of a declaration. It should therefore set forth, at least in substance, every fact upon which the plaintiff's right to have his judgment revived, depends.

6. Where a party, by delaying execution, has suffered his judgment to become dormant, a legal presumption against its continued validity is raised, which he must take upon himself the burden of meeting and rebutting. The writ therefore must show, not only that he has not had execution of his judgment, but that his damages still remain unpaid, or that his right still subsists. If the judgment is for the recovery of the possession of land, the writ should show that the title established by the plaintiff at the trial had not expired prior to the issuing of the *scire facias*, and the estate in the land alleged to have been recovered must be shown by the evidence.

7. SAME—*of the issues to be tried—defenses allowable—outstanding title in ejectment.* On *scire facias* by a plaintiff in ejectment to revive the judgment therein, the defendant can not avail himself of an outstanding title in a third person. The only defense on the trial of a *scire facias* on a judgment is a denial of the existence of the judgment, or proof of a subsequent satisfaction or discharge thereof. Whether there is an outstanding paramount title in some third person is immaterial.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This was a proceeding by *scire facias*, brought by Frank L. Stevens against Carter Smith, to revive a judgment in ejectment, and to obtain an order for a writ of possession. The material portions of the writ of *scire facias* are as follows:

"Whereas Francis A. Stevens and Frank L. Stevens heretofore, in our Circuit Court of the said county of Cook, at the April term thereof in the year 1876, to-wit, on the 20th day of April in the same year, by the consideration and judgment of the same court, recovered against Carter Smith, in a certain action of ejectment, one messuage, piece or parcel of land, situate in the county of Cook and State aforesaid, and described as follows: The south half of lot number thirteen, in block number two, in Duncan's addition to Chicago, in the

county of Cook and State of Illinois, whereof the said Carter Smith was convicted, as appears to us of record:

"And whereas afterwards, at a term of the Supreme Court of said State begun and held on Tuesday, on the 12th day of September, 1876, in vacation after said September term, said judgment of said Circuit Court was in all things affirmed; and that afterwards a copy duly certified by the clerk of the said Supreme Court, of the order of said Supreme Court affirming said judgment was filed in the office of the clerk of this court, as appears by the records thereof: And whereas said Francis A. Stevens did, on or about the 1st day of April, 1881, depart this life intestate, leaving said Frank L. Stevens as his only heir at law and the surviving plaintiff in said judgment:

"And now therefore, on behalf of said Frank L. Stevens, we have been informed that, although said judgment be given as aforesaid, yet that no execution upon the said judgment hath ever been made, and that execution of the said judgment still remains to be made to him the said Frank L. Stevens; wherefore the said Frank L. Stevens has besought us to provide him a proper remedy in his behalf:

"We therefore command you to make known to the said Carter Smith, that he be before our said Circuit Court, at the court house at Chicago, in Cook county, on the third Monday of September next, to show cause, if any he have, why the said Frank L. Stevens ought not to have a writ of possession against him, the said Carter Smith, for the possession of the premises above described, according to the form and effect of said recovery. And have you then and there this writ."

The defendant appeared and pleaded *nul tiel record*, and a plea denying that the plaintiff is the sole heir at law of said Francis A. Stevens, deceased. To these pleas replications were filed. The defendant also filed a plea which he terms a general issue, in which he alleged, "that the said plaintiff is not entitled to have the said judgment mentioned in his said *scire facias* revived, in manner and form as the said Frank L.

Stevens hath above sought by said writ." With said plea there was filed a notice of various special matters upon which the defendant intended to rely, the same being in substance as follows:

1. That the judgment mentioned in the *scire facias* has been appealed to this court and is still pending here, and that the Circuit Court therefore has no jurisdiction of it and no power to revive it, and that more than two years having elapsed since the decision of the appeal by this court and the cause not having been re-docketed in the Circuit Court within that time, the plaintiff's cause of action is abandoned.

2. That since the date of said judgment the defendant has obtained paramount title to the land in question, first, by the completion of twenty years' adverse possession, and secondly, by a period of seven years' possession since the rendition of the judgment and payment of taxes, under claim and color of title.

3. That since the entry of said judgment, the fee to said land had been conveyed to one Asahel Gage by means of various tax deeds issued in pursuance of certain sales of said land for taxes.

A demurrer was filed to the plea called a general issue, but before said demurrer was passed upon by the court, the parties, by agreement, waived a jury and submitted the cause to the court for trial, and a trial was thereupon had, resulting in a finding for the plaintiff, and a judgment reviving said judgment in ejectment and awarding the plaintiff a writ of possession. The defendant thereupon brings the record to this court by appeal. The further facts necessary to a proper understanding of the case are sufficiently stated in the opinion of the court.

Mr. AUGUSTUS N. GAGE, for the appellant:

An appeal duly perfected operates as a *supersedeas*, and no proceedings can be had in the trial court in such cases until the appeal is disposed of. This proposition is too apparent to

require argument, and it is clearly exemplified by the following authorities: *Ex parte Thatcher*, 2 Gilm. 167; *Owens* v. *McKethe*, 5 id. 79; *Simpson* v. *Alexander*, id. 260; *Ambrose* v. *Weed*, 11 Ill. 488; *Reynolds* v. *Perry*, 11 id. 534; *Oakes* v. *Williams*, 107 id. 154.

As the jurisdiction of the court is determined, that of the appellate court immediately attaches, and continues until lost by limitation or the re-docketing of the case in the trial court.

In order to give the trial court jurisdiction of a case after an appeal has been perfected therefrom and affirmed in the Supreme Court, the *procedendo* of the Supreme Court must be filed in said cause. That it is the *procedendo*, and *procedendo* alone, that authorizes the court below to proceed upon affirmance, can not be successfully controverted. 2 Bouvier's Dic. title "Procedendo," and cases cited; 1 Sharswood's Blackstone, 353; 3 id. 109; *Shimp* v. *Hay*, 8 Bradw. 66.

The statute has provided that a judgment shall have vitality for seven years only. All proceedings had upon a judgment after seven years from its date are void. Rev. Stat. chap. 77, sec. 1.

It does not appear but the term recovered by the alleged judgment sought to be revived has expired, and there is a variance between the judgment offered in evidence and that mentioned in the *scire facias*. *Weldon* v. *Craig*, 14 Pet. 147; *Weld* v. *Coghill*, 7 Mon. 601; *Koon* v. *Nichols*, 63 Ill. 163.

The first and second tax deeds offered in evidence were good color of title, and sufficient to base a limitation upon, and defendant showed a limitation under possession for twenty years. The last tax deed offered in evidence, together with the judgment and precept whereon it was based, was sufficient to show an outstanding title superior to any claim under the judgment sought to be revived.

It is a well recognized principle, that to a proceeding by *scire facias* all *terre* tenants should be made defendants. *Walden* v. *Craig*, 14 Pet. 147.

Messrs. ARMSTRONG, REED & DYCHE, for the appellee:

The appellee filed the order of the Supreme Court showing the affirmance of the judgment, as required by section 82 of the Practice act.

Appellee does not claim that his judgment is a lien of seven years, or for any other period of time, but insists that he has the right, at any time within twenty years, to revive this judgment.

The judgment sought to be revived is substantially correct. *Mapes* v. *Scott*, 94 Ill. 379; *Minkhart* v. *Hankler*, 19 id. 47.

The *scire facias* proceeding is simply a continuation of the old ejectment suit, and hence the limitation does not run. *Johnson* v. *Shinkle*, 50 Ill. 137; *Mills* v. *Graves*, 44 id. 50; *Bradish* v. *Grant*, 119 id. 606.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

The evidence shows that, on the 20th day of April, 1876, Francis A. Stevens and Frank L. Stevens recovered a judgment, in the Circuit Court of Cook county, in an action of ejectment, against Carter Smith, for the possession of the land in controversy in this suit. Said judgment, which was read in evidence by the plaintiff in support of his *scire facias*, failed to specify the nature or extent of the estate claimed by the plaintiffs in their declaration, or established by them at the trial, the terms of the judgment being merely that the plaintiffs recover of the defendant the possession of said land. Neither the pleadings nor the finding of the court were offered in evidence, and there is nothing in the present record showing the nature of the title established at the trial beyond what is furnished by the judgment alone.

It appears that at the time said judgment was recovered, the defendant prayed for and perfected an appeal therefrom to this court, and that on the 22d day of June, 1877, it was affirmed by this court. No further steps were taken in the matter of

said judgment, either in this court or in the Circuit Court, until June 29, 1887, at which date the plaintiff obtained from the clerk of this court a certified copy of said judgment of affirmance. Said copy was filed in the Circuit Court on the 11th day of August, 1887, and thereupon the writ of *scire facias* herein was sued out. Francis A. Stevens, one of the plaintiffs in whose favor said judgment was rendered, died about April 1, 1881, leaving his co-plaintiff his only heir at law, and the writ of *scire facias* was accordingly sued out in the name of the surviving plaintiff alone.

Various propositions are submitted by the appellant in support of his contention that the judgment upon the *scire facias* should be reversed, which we will consider in their order. The first point made is, that no writ of *procedendo* was ever issued from this court to the Circuit Court in the matter of the judgment in ejectment, and that the Circuit Court therefore has never been re-invested with jurisdiction over said judgment, and can not properly entertain a proceeding for its revival. The mode by which the Circuit Court may be reinvested with jurisdiction of a judgment which has been removed to this court by appeal, after the affirmance of such judgment by this court, is prescribed by the eighty-second section of the Practice Act. That section is as follows:

"When an appeal or writ of error shall be prosecuted from a judgment, order or decree to the Supreme Court or Appellate Court, and such appeal or writ of error is dismissed, or the judgment, order or decree is affirmed, upon a copy of the order of the Supreme Court or Appellate Court, as the case may be, being filed in the office of the clerk of the court from which the case was originally removed, execution may issue, and other proceedings may be had thereon in all respects as if no appeal or writ of error had been prosecuted."

A copy of what order of this court is to be filed in the office of the clerk of the court below to reinvest that court with jurisdiction to proceed with the execution of its judgment?

Manifestly a copy of the order of affirmance. According to the usual practice of this court no subsequent order is made. The judgment of affirmance is the final order, and terminates the litigation so far as this court is concerned. A certified copy of that order, when filed in the court below, operates as a *procedendo*, and authorizes that court to proceed with the judgment in all respects as though no appeal had been taken.

The corresponding provisions of the Practice Act of 1845 were more explicit on this point than is our present statute. That act provided that it should be the duty of the clerk of the circuit court, "upon a copy of the order of the Supreme Court dismissing said appeal or writ of error or affirming said judgment," being filed in his office, to issue execution, etc. R. S. 1845, chap. 83, sec. 50. We do not think that the change in the phraseology of the statute as it appears in the revision of 1874 is such as to indicate any change in the practice in this respect. The words appearing in the act of 1845 descriptive of the order a copy of which was to serve as a *procedendo* were omitted from the revision of 1874, as we may well presume, because they were deemed by the revisors as quite unnecessary, the meaning of the statute being sufficiently clear and unequivocal without them.

The next point made is, that by our statute the lien of a judgment continues only for seven years, and therefore that the judgment in this case, so far as it affected the title to the land in question, became *functus officio* at the expiration of that period, and is incapable of being revived so as to vest in the plaintiff the right of possession. This proposition confuses the right to recover the possession of the land established in the plaintiff by the judgment in ejectment, with the mere lien upon the lands of the judgment debtor, which the statute gives as a collateral right, to the plaintiff in a money judgment. Such lien is the mere right to have the lands upon which it rests sold for the purpose of making the money recovered by the judgment. That right undoubtedly expires unless enforced

within the statutory period, and having once expired, is inca-
pable of revival, although upon revival of the judgment a new
lien may be acquired.    But here the land itself, or rather the
possession of the land, is recovered by the judgment, and the
right thus established is no more extinguished by the lapse of
seven years, than is the plaintiff's right to the debt or damages
recovered in a money judgment.    In either of these cases, the
plaintiff's right to the subject recovered continues and is ca-
pable of enforcement, in a proper mode, so long as the judg-
ment itself is not barred by the Statute of Limitations.    That
statute provides that judgments of any court of record in this
State may be revived by *scire facias,* or an action of debt may
be brought thereon, within twenty years from the date of such
judgment.    2 Starr & Curtis, 1559.

It is clear that the defense sought to be interposed, based
upon the Statute of Limitations, can not be sustained.    These
defenses rest upon the allegation, first, that at the time the
*scire facias* was sued out, the defendant had been in adverse
possession of the premises in question for more than twenty
years, and secondly, that the defendant had then been in
possession and had paid the taxes on said premises for seven
years under claim and color of title.    The proceeding by *scire
facias* to revive a judgment is not an original suit, but is
merely a continuation of the suit in which the judgment was
rendered.    *State* v. *Foster,* 7 Vt. 52 ; *Eldred* v. *Hazlett's Ad-
ministrator,* 38 Pa. St. 16 ; *Hatch* v. *Eustis,* 1 Gall. 160 ; *Brown*
v. *Harly,* 2 Fla. 159 ; *Pickett* v. *Pickett,* 1 How. (Miss.) 267 ;
*Ingram* v. *Belk,* 2 Strobh. 207 ; *Fitzhugh* v. *Blake,* 2 Cranch,
C. C. 37.    The conclusion therefore would seem to follow, that
no limitation based upon continuity of possession can be said
to have been running since the commencement of the eject-
ment suit, and that the only limitation available in such cases
is that which bars the judgment itself, viz., twenty years.

The defendant attempted, in answer to the *scire facias,* to
set up title in Asahel Gage, under certain tax deeds issued to

him subsequent to the recovery of the judgment in ejectment. No proof was made or offered, however, tending to connect the defendant with that title, and consequently the defense thus proposed was disallowed by the court. We are unable to perceive how, in this proceeding, the defendant can avail himself of an outstanding title in a third person with whom he has no connection and in which he has no interest. The only questions he can now raise are those which go to the plaintiff's right, as against the defendant, to have the judgment executed. As said in *Dowling* v. *McGregor,* 91 Pa. St. 410: "The only defense in the trial of a *scire facias* on a judgment is, a denial of the existence of the judgment, or proof of a subsequent satisfaction or discharge thereof." Whether there is an outstanding paramount title in some third person is immaterial. Proof of such title might undoubtedly have defeated the plaintiff if it had been interposed at the trial of the ejectment suit, but that is simply because in that trial the plaintiff had to recover, if at all, upon the strength of his own title. But having recovered his judgment, thus establishing conclusively, as between himself and the defendant, his right to the possession, the question of his right to have the judgment executed is one which arises between him and the defendant alone. The defendant can not refuse to yield possession to the plaintiff because the latter may be compelled in turn to yield possession to the owner of a better title the day following. An outstanding title with which the defendant has no connection is no longer available as a defense.

But there is another ground upon which, in our opinion, the judgment must be reversed, and that is, that it does not appear, either from the averments of the *scire facias* or from the evidence adduced at the trial, that the title established by the plaintiff at the trial of the ejectment suit had not expired prior to the commencement of the proceedings by *scire facias.*

In these proceedings no declaration is required, (Practice Act of 1872, sec. 26), the writ taking the place and perform-

ing the office of a declaration. It follows that the writ should set forth, at least in substance, every fact upon which the plaintiff's right to have his judgment revived depends. Where a party, by delaying execution, has suffered his judgment to become dormant, a legal presumption against its continued validity is raised, which he must take upon himself the burden of meeting and rebutting. The writ therefore must show not only that he has not had execution of his judgment, but that his damages still remain unpaid, or that his right still subsists. In *McVickar* v. *Heirs of Ludlow*, 2 Ohio, 246, in discussing the necessary averments of writs of this character, the court say: "They must, therefore, contain everything that is required to constitute a good declaration; or, in other words, they must set out all the facts that are necessary to show a right in the plaintiff to the relief prayed for." In that case the court held the writ insufficient because it failed to aver that the plaintiff's judgment was unsatisfied. To same effect see *Wolf* v. *Pounds-ford*, 4 Ohio, 397; *Union Bank of Georgetown* v. *Adm'r of Meigs*, 5 id. 312.

In the form given by Mr. Tidd for a *scire facias* to revive a judgment in assumpsit, it is alleged that "execution of the damages still remains to be made to the plaintiff." Tidd's Practical Forms, 304. In the form given by the same author for a *scire facias* to revive a judgment in ejectment, there is a recital of the recovery by the plaintiff of "*his term then and yet to come* of and in a certain messuage," etc., giving the date of the commencement and end of the term, and alleging that said term, "*is not yet expired*," and commanding the defendant to show cause why the plaintiff ought not to have "the possession of his said term *yet to come*." Tidd's Appendix, 721.

In this case the *scire facias* recites the recovery by the plaintiffs of the defendant, in said ejectment suit, of one messuage, piece or parcel of land, with no averment as to the nature or extent of the estate established at the trial. In ejectment the recovery is only of the possession, and therefore the recital of

the writ applies as well to a recovery where the estate established is only a term for years, as where it is in fee. The only further averment in the writ bearing upon the point under consideration is that "although said judgment be given as aforesaid, yet that no execution upon said judgment hath ever been made and that execution of said judgment still remains to be made to the plaintiff." This by no means excluded the possibility that the recovery may have been only of a term for years, and that no portion of such term "is yet to come."

But the evidence is more defective than the pleading. The only evidence offered to show the nature of the recovery or the duration of the estate recovered was the judgment order in the ejectment suit, and that merely shows an order that the plaintiffs recover of the defendant "possession of the premises in their said declaration mentioned, (describing said premises), and that a writ of possession issue therefor." Nothing is shown as to the nature of the estate established. Neither the pleadings nor the finding of the court was offered in evidence. If those documents had been produced, the nature of the plaintiff's title might have sufficiently appeared, as was the case in *Mapes* v. *Scott*, 94 Ill. 379. But as the evidence stands, there is nothing showing that the plaintiff's title may not have been a mere estate for years which has long since expired. This clearly is not sufficient to overcome the presumption unfavorable to the plaintiff's rights which necessarily arises from the dormancy of his judgment.

Upon the ground last above stated the judgment will be reversed and the cause remanded.

*Judgment reversed.*