JOSEPH R. BICKERDIKE

*v.*

MARY C. ALLEN *et al.* EXRS.

| 157 | 95 |
|---|---|
| 159 | 261 |
| 157 | 95 |
| 170 | 447 |
| 157 | 95 |
| 181 | 592 |
| 157 | 95 |
| 185 | 239 |
| 157 | 95 |
| 186 | 5475 |
| 157 | 95 |
| 113a | 2530 |

*Filed at Ottawa April 1, 1895—Rehearing denied October 15, 1895.*

1. JUDGMENT—*of revival in scire facias—notice and publication.* A judgment of revival in *scire facias*, based upon notice sent by mail and published, *to a resident of the State*, is *prima facie* valid in a collateral proceeding.

2. SAME—*requirement of due process of law in scire facias to revive.* Mailing to a defendant, and also publishing, a notice of *scire facias* to revive a judgment, as provided in section 26 of the Practice act, satisfies the constitutional requirement of "due process of law," where the affidavit shows the residence of such defendant to be *within the State*, and that he has gone out of or is concealed within the State so process cannot be served.

3. SAME—*section 26 of Practice act, as to notice, invalid, as applied to non-residents.* Revival of judgment by *scire facias* upon publication and mailing notice, as provided in section 26 of the Practice act, without personal service or entry of appearance, would not be valid against a non-resident of the State.

4. SCIRE FACIAS—*whether proceeding is in rem or in personam.* A proceeding by *scire facias* to revive a judgment is a proceeding *in personam*, and not *in rem*, where the original judgment sought to be revived is *in personam*.

5. EVIDENCE—*effect of clerk's certificate of mailing notice.* A certificate of the clerk that he has mailed a notice of *scire facias* addressed to the defendant is *prima facie* evidence that the notice was received.

6. SAME—*probative force of recital in judgment.* A recital in a judgment that due proof was made is at least *prima facie* evidence of that fact.

7. SAME—*force of answer as evidence, when oath is waived.* Where a bill in chancery waives a sworn answer, an answer under oath has no greater force as evidence than the bill.

8. CREDITORS' BILL—*satisfaction or discharge of judgment may be shown under.* The satisfaction or discharge of a judgment may be shown as a defense against a creditors' bill to enforce the judgment after revival on *scire facias*, as well as to defeat the revival.

9. AFFIDAVIT—*for scire facias to revive—failure of jurat to show oath.* An affidavit in which the affiant, "on oath, states," but which the certificate of the notary merely states to have been "subscribed," without saying that it was sworn to, on which a *scire facias* to re-

vive a judgment is based, is not so defective as to defeat the judgment of revival in a collateral proceeding, where such judgment recites that it was made on due proof.

10. SAME—*stating facts disjunctively—effect.* The objection that an affidavit for substituted service was in the disjunctive, in stating that defendant was concealed within the State *or* had gone out of the State so that process could not be served, is not well taken, where the material fact of the impossibility of finding his whereabouts is set forth.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

SWIFT, CAMPBELL, JONES & MARTIN, for appellant:

The procedure pointed out by section 26 of the Practice act does not constitute due process of law, within the meaning either of the constitution of this State or the constitution of the United States. *Webster* v. *Reid*, 11 How. 437; *Pennoyer* v. *Neff*, 95 U. S. 714.

The affidavit upon which publication notice was based is void, because it was not sworn to. *McDermaid* v. *Russell*, 41 Ill. 489.

The affidavit alleged that appellant was concealed within the State or had gone out of the State, so that process could not be served on him. That alleges neither one nor the other of the facts positively. *Kegel* v. *Schreckheisen*, 37 Mich. 174; *Ronaldson* v. *Hamilton*, 5 La. Ann. 203; *Dintruff* v. *Tuthill*, 17 N. Y. Sup. 556; *Dickenson* v. *Cowley*, 15 Kan. 269.

SLEEPER, BARBOUR & EMRICH, for appellees:

There can be no doubt, from the language of the affidavit, that Bickerdike could not be found to serve process on. As to what constitutes concealment, see *North* v. *McDonald*, 1 Biss. 57.

As to requisites of affidavits to warrant service by publication, see *Hartung* v. *Hartung*, 8 Ill. App. 156.

We submit that if there had been no jurat at all attached to the affidavit, but the name of the notary, with his seal, had appeared there, the affidavit itself shows

that it was upon oath. *King* v. *Emden*, 9 East, 437; *Cook*
v. *Jenkins*, 30 Iowa, 452; *Kruse* v. *Wilson*, 79 Ill. 233.

This was not the commencement of a new or original
suit, but a continuation of one already begun, proceeded
in to the stage of entering up judgment, but not executed,
the execution of which remained to be done in and by
the Superior Court of Cook county, and no other court.
*Wright* v. *Nutt*, 1 T. R. 388; *People* v. *Compher*, 14 Ill. 447;
*Challenor* v. *Niles*, 78 id. 78; *Smith* v. *Stevens*, 133 id. 191.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court :

This is a creditor's bill, filed on December 17, 1891, in
the Superior Court of Cook county by the appellees, as
executors of the estate of Edwin C. Allen, deceased,
against appellant and others, based upon a judgment
recovered by said testator, in his lifetime, on November
20, 1873, against appellant and one Pratt, and claimed to
have been revived by judgment of revival entered on De-
cember 9, 1891, upon which execution was issued and
returned unsatisfied after demand made. Amendments
were filed to the original bill, and afterwards a supple-
mental bill was filed. Answers were filed by the appel-
lant, and other defendants alleged to have in their hands
stock belonging to appellant. A receiver was appointed
by agreement of parties with directions to sell the stock,
and hold the proceeds to abide the final disposition of the
case.

The answer of the appellant here to the creditor's bill
below set up, among other things, that in the *scire facias*
proceeding to revive the judgment, the revival judgment
was void, because the court obtained no jurisdiction
over the appellant by personal service or entry of appear-
ance; and that section 26 of the Practice act (chap. 110,
sec. 26 of Rev. Stat.; 2 Starr & Cur. Stat. page 1789,) was
unconstitutional, as being in conflict with section 2 of
article 2 of the constitution of Illinois, which provides

157—7

that "no person shall be deprived of life, liberty or property without due process of law," and also as being in conflict with section 1 of the fourteenth amendment to the constitution of the United States. Appellant's answer to the bill admits, that the judgment was recovered against himself and Pratt on November 20, 1873, as alleged in the bill, and that, on October 1, 1891, appellees instituted proceedings by *scire facias* in said Superior Court to revive said judgment, and that execution was issued upon the judgment as revived and returned *nulla bona*. The answer also sets out in full all the proceedings in the suit to revive from the *præcipe* for a *scire facias* to the judgment of revival.

Upon the hearing, appellees introduced in evidence the said proceedings as set out in the answer; the appellant introduced no evidence whatever, but, at the close of the evidence introduced by appellees, made a motion to dismiss the bill, upon the alleged grounds, that the court had no power to enter a judgment of revival for want of jurisdiction over appellant, and that the said section 26 was unconstitutional as aforesaid; and also because of certain alleged defects in the affidavit for publication and the publication notice in the *scire facias* proceeding. This motion was overruled, but no exception is shown by the bill of exceptions to have been taken to the order overruling it.

The court below rendered a decree, finding that the original judgment remained due and unpaid; that it had been duly and regularly revived; that the proceedings by *scire facias* to revive it were valid and legal; and directed that there should be paid out of the proceeds of the sale of said stock the original judgment and interest from the date of its rendition, and the costs accrued both in the original proceeding and in the *scire facias* proceeding. From this decree the present appeal is prosecuted.

*First,* as to the alleged unconstitutionality of section 26 : That section is as follows : "It shall not be necessary to file a declaration in any *scire facias* to revive a judgment or foreclose a mortgage, in any court of record in this State.    And in any such case of *scire facias* to revive a judgment, where the plaintiff in the judgment sought to be revived, or his attorney, shall file an affidavit in the office of the clerk of the court out of which the writ issues, showing that the defendant in the *scire facias* resides or has gone out of the State, or is concealed within the State, so that process cannot be served on him, and stating the place of residence of such defendant, if known, or that on due inquiry his place of residence cannot be ascertained, then in such case notice to the defendant may be given by publication and mail, in the same manner as is provided by statute for notice in like cases in chancery." (2 Starr & Cur. Stat. page 1789).    The provision for notice in cases in chancery, so far as applicable, is as follows : "the clerk shall cause publication to be made in some newspaper printed in his county * * * containing notice of the pendency of such suit, the names of the parties thereto, the title of the court, and the time and place of the return of summons in the case; and he shall also, within ten days of the first publication of such notice, send a copy thereof by mail, addressed to such defendant whose place of residence is stated in such affidavit.    The certificate of the clerk, that he has sent such notice in pursuance of this section, shall be evidence." (Rev. Stat. Ill. chap. 22, sec. 12).

Where the defendant is a non-resident of the State of Illinois, and the proceeding is not *in rem,* but *in personam,* the publication of notice and the mailing of a copy thereof to an address outside of the State, without personal service or appearance, would not give to a court in this State such jurisdiction over the person of the defendant as to make a judgment *in personam* against him valid and impervious to collateral attack, except in cases, affecting

the personal or civil *status* and capacities of the citizen of the State towards a non-resident, as for instance in reference to the dissolution of the marriage relation, and except in cases, where another mode of service than that of personal service may be regarded as having been assented to in advance, as for instance, the appointment of agents in the State to receive service, and requirements as to service upon corporations created by the State. (*Pennoyer* v. *Neff*, 95 U. S. 714).

A proceeding *in rem* is not merely a direct proceeding against property, but any action between the parties where the direct object is to reach and dispose of property owned by them or of some interest therein. For example, suits by attachment against the property of debtors, suits for the partition of land, to foreclose mortgages, to enforce liens or contracts respecting property, may be regarded as proceedings *in rem* so far as they affect property in the State. (*Pennoyer* v. *Neff*, *supra*). In such proceedings *in rem*, where the object is to reach and dispose of property within the State, or of some interest therein, service by publication, or in some mode other than upon the person, may be sufficient. The theory of the law is, that when a man's property is brought under the control of the court by seizure, such seizure informs and notifies him of the proceedings taken for its sale or condemnation. In such cases, constructive notice is permitted and becomes effectual solely by reason of the attachment or seizure of the property. The jurisdiction of the court to determine the obligations of the defendant constructively notified is incidental to its jurisdiction over the property. The judgment has no effect beyond the property reached or affected in that suit. "Jurisdiction is acquired in one of two modes : first, as against the person of the defendant by the service of process ; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court." (*Boswell's Lessee* v. *Otis*, 9 How. 336).

"But," says Mr. Justice FIELD in *Pennoyer* v. *Neff, supra*, "where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam*, constructive service in this form upon a non-resident is ineffectual for any purpose. Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the State, and process published within it, are equally unavailing in proceedings to establish his personal liability." (See, also, *Webster* v. *Reid*, 11 How. 437).

So far as section 26 applies to defendants residing out of this State, we do not see how it can be upheld as a valid law in view of the principles hereinbefore announced. That is to say, where the proceeding by *scire facias* is instituted to revive a judgment rendered against a non-resident, the judgment of revival cannot be regarded as valid, if such non-resident has not been personally served, or has not entered his appearance, but has only been served by publication and the mailing of a notice to him to his residence outside of the State. The *scire facias* proceeding to revive a judgment is not a proceeding *in rem;* certainly not, where the original judgment sought to be revived is a judgment *in personam*. Although the non-resident may receive the notice mailed to his residence out of the State, he is not bound to appear, because "no State can exercise direct jurisdiction and authority over persons or property without its territory." (*Pennoyer* v. *Neff, supra*). We held, in *Cloyd* v. *Trotter*, 118 Ill. 391, that service out of the State by copy of the bill and notice in a chancery case, so far as property in this State was sought to be affected, would give the court jurisdiction to decree concerning it, but not to

render a personal decree against the defendant for the recovery of money or costs, and to award a general execution against him for the collection of the same.

If the statute provided for bringing in a resident of the State by publication of the notice only without the mailing of any notice to him, the same objection might lie as in case of a non-resident. A judgment *in personam* in the court of a State against one of its citizens who is not served with process, but is served by publication only, cannot be valid, except in cases coming within the exceptions already indicated. In *Webster* v. *Reid, supra,* it was said: "These suits were not proceedings *in rem* against the land, but were *in personam* against the owners of it. Whether they all resided within the territory or not does not appear, nor is it a matter of any importance. No person is required to answer in a suit on whom process has not been served, or whose property has not been attached." So in *Pennoyer* v. *Neff, supra,* it was said, that such judgments were not binding in the State where rendered any more than they were outside of such State, and that, since the passage of the fourteenth amendment to the Federal constitution, their enforcement in the State could be resisted "on the ground that proceedings in a court of justice to determine the personal rights and obligations of parties, over whom that court has no jurisdiction, do not constitute due process of law."

But this statute does something more than require the publication of the notice; it requires a copy of the notice to be sent by mail addressed to the defendant whose place of residence is stated in the affidavit. Suppose that a defendant resides in this State, and has a known residence here, but conceals himself so that process cannot be served upon him, and that the notice specified in the statute is sent to him by mail. If he receives the notice so sent, he has received personal notice just as much as though a summons was served upon him by the sheriff. The certificate of the clerk is

made proof of the mailing of the notice. "Proof of the mailing of notices, properly addressed, is *prima facie* evidence of their having been received by the party addressed." (*Meyer* v. *Krohn*, 114 Ill. 574; *Young* v. *Clapp*, 147 id. 176). When, therefore, in any collateral proceeding, a judgment of revival based upon notice, given through the mail as well as by publication to a resident of the State, is relied upon, it is *prima facie* valid. In such case the judgment cannot be said to have been rendered without jurisdiction over the defendant. The proceeding by *scire facias* to revive a judgment is not a new suit, but merely the continuation of the old one. It does not determine the obligations of the defendant to the plaintiff as involved in the original controversy and as settled by the former judgment, but merely seeks a revival of the former judgment in order to have execution of it. The defendant cannot show any matter, which was pleaded or might have been pleaded in the former action. The only defenses, which can be set up in the *scire facias* proceeding, are that no judgment was rendered, or, if one was rendered, that it has been satisfied or discharged. (21 Am. & Eng. Ency. of Law, pages 855, 864; *Smith* v. *Stevens*, 133 Ill. 183).

Hence, we are inclined to think that section 26, taken in connection with section 12 of the Chancery act, is a constitutional enactment so far as it provides for service by publication of notice and mailing of copy thereof to residents of the State, whose residence is stated in the affidavit.

In the case at bar, the appellant admitted in his answer, that the copy of the notice required by the statute was mailed to him. He sets forth therein in *hœc verba* the certificate of the clerk filed in the *scire facias* proceeding, in which that official certifies, that, on October 10, A. D. 1891, he sent by mail a notice, of which a copy is thereto attached, addressed to "Joseph R. Bickerdike, Elston Road near Belmont Ave., Chicago, Ill." This certificate

was *primâ facie* evidence, that the notice so sent by mail was received by appellant.  If it be permissible to introduce evidence in the collateral proceeding to show that the copy of the notice sent by mail was not received, it is sufficient to say that, in this proceeding by creditor's bill, no evidence was introduced to overcome the *primâ facie* case made by the clerk's certificate.  It is true, that, in his answer to the creditor's bill, appellant states, that the notice was not received by him, but the bill waives the answer under oath, and therefore, under the statute, the answer has no greater force as evidence than the bill. (Rev. Stat. chap. 22, sec. 20).   Where the oath is thus waived, the fact, that the answer is sworn to, gives it no force as evidence, but it will be deemed as merely a pleading.   (*Wallwork* v. *Derby*, 40 Ill. 527; *Willenborg* v. *Murphy*, 36 id. 344; *Moore* v. *Hunter*, 1 Gilm. 317).

As to the only defenses, which appellant could have made in the *scire facias* proceeding, namely, the non-existence of the judgment, or its satisfaction, or discharge, it may be said, that, in his answer in the case at bar, appellant admits the existence of the original judgment, and he neither pleads, nor attempts to prove, any satisfaction or discharge.  If the judgment had been satisfied or discharged, such fact could have been shown as a defense against the enforcement of the revived judgment by creditor's bill.   It follows, that, so far as the justice of the matter is concerned, appellant has been deprived, by the filing of this creditor's bill, of no defense which he was entitled to make in the *scire facias* proceeding.

*Second,* it is claimed, that, even if section 26 is a valid enactment, the publication and mailing of the notice are not authorized without the filing of the affidavit mentioned in the section, and that the affidavit in this case was so defective as not to warrant the publication and mailing of the notice.   The affidavit, which was filed in the *scire facias* proceeding on October 6, 1891, is as follows:

"STATE OF ILLINOIS, ⎱ ss.   In Superior Court, Oct. Term, 1891.
  County of Cook.   ⎰

"Mary C. Allen and Edwin C. Allen, Jr., executors ⎫
  of the estate of Edward C. Allen, deceased,    ⎬  135,489.
                vs.                               ⎭
  Joseph R. Bickerdike and Zacharias I. Pratt.

"James J. Barbour, attorney for above named plaintiffs, on oath states that Joseph R. Bickerdike, one of the above named defendants, resides in the city of Chicago, in this State, and that he is concealed within this State, or has gone out of this State, so that process can not be served upon him. Affiant further states, that he has made inquiries at the residence of said defendant as to his whereabouts, and the replies received from said defendant's wife were to the effect that he was away, and she could not tell when he would be home, and when asked where said defendant was she refused to state, and to every question put by this affiant she would make an evasive answer. Affiant further states, that his inquiries of the person in charge of said defendant's office in the city of Chicago, in this State, failed to bring any information, further than that Mr. Bickerdike was away, and did not wish to have it known where he was. Affiant further states, that said defendant's neighbors stated to this affiant that said defendant would conceal himself to avoid service should suit be brought against him, and affiant is utterly unable to find said Bickerdike.

                                JAMES J. BARBOUR.

"Subscribed before me this 6th day of October, 1891.
[SEAL.]        JOHN M. MEYER, *Notary Public.*"

It is said, that the affidavit is void, because the notary, whose certificate is attached, does not state that it was sworn to before him, but only states that it was subscribed before him. The case of *McDermaid* v. *Russell*, 41 Ill. 489, is referred to in support of the objection. In that case, where the widow of a deceased husband, who had died intestate and childless, filed a bill to have her interest, as statutory heir, in her husband's estate set off

to her, and sought to bring in by publication certain minor heirs-at-law of her husband, it is said: "The affidavit of non-residence does not appear to have been sworn to before any officer. For that omission it was no affidavit, and gave no authority to the court to enter an order of publication." The affidavit is not set forth, and how the fact, that it was not sworn to, appeared, is not stated. That, however, was a case where the decree, which was against infants, was brought up for review in a direct proceeding.

Here, the attack upon the judgment of revival is made in a collateral proceeding, and it appears, that the affiant, whose name is signed to the affidavit, avers therein that what he states, he states "on oath;" and the name of the notary public with his seal appears below the notarial certificate attached to the affidavit; and the judgment of revival entered on December 9, 1891, recites upon its face that there was presented to the court "due proof of publication of the notice to the defendants." The clerk is directed by the statute to cause publication of the notice to be made and to mail a copy thereof where the plaintiff or his attorney files an affidavit. The presumption is, that the clerk did his duty, and that he would not have caused publication to be made and notice to be mailed unless such an affidavit as the statute requires was first filed. Here, an affidavit made by plaintiff's attorney was filed in the clerk's office, and it will be presumed, that the affidavit was sworn to, or that the statements alleged upon its face to have been made on oath were made on oath. *Non constat* that the clerk himself did not administer the oath before causing the publication to be made. The recital in the judgment that "due proof" was made is at least *primâ facie* evidence of that fact, and it will be presumed that such proof was made to the satisfaction of the court. (*Pierce* v. *Carleton*, 12 Ill. 358; *King* v. *Emden*, 9 East, 437; *Barnett* v. *Wolf*, 70 Ill. 76; *Harris* v. *Lester*, 80 id. 307).

In *Kruse* v. *Wilson*, 79 Ill. 233, the action was ejectment, and the defendant relied upon a sheriff's deed made in pursuance of a sale under a judgment in an attachment proceeding; the record showed that the jurat, attached to the affidavit for the attachment writ, was not signed by any officer, and had no signature at all; and it was held, that the affidavit was sufficient to authorize the issuance of the writ and could not be assailed in the ejectment suit.   In that case, the clerk recited in the attachment writ that the plaintiff had complained on oath to him, and we said :   "It is not to be presumed the clerk has made a false statement in the writ, or that he would have issued the writ without the oath."   It is true, that here the clerk makes no such recital as that made in the attachment writ in that case.   But the presumption, that he did his duty, is as strong from the fact that he signed and published the notice and mailed a copy of it, as it would have been, had he made a recital that an affidavit had been sworn to and filed in his office.   (*Cook* v. *Jenkins*, 30 Iowa, 452).

A further objection is made to the affidavit upon the ground, that it is in the disjunctive; and cases are referred to, where affidavits in attachment proceedings, which state two or more statutory causes or grounds of attachment in the disjunctive, are held to be defective.   We do not think that those cases are applicable here.   The material fact was, that appellant, being a resident of the State, could not be found in it, so that process could be served on him; and it could not be certainly known, as the facts set up in the affidavit show, whether the impossibility of finding his whereabouts was due to his concealment within the State, or to his departure from it. The fact, that he could not be found, might be due either to his having gone out of the State, or to his concealment within it; but the result of either circumstance was the same, namely, ignorance of his whereabouts, making it

impossible to serve him with process. The alternative causes are linked by a common and necessary consequence.

We think that the notice conforms to the requirements of the statute, as above set forth.

The judgment of the Superior Court of Cook county is affirmed.