THE WATERBURY NATIONAL BANK, Appellee, *vs.* WILLIAM S. REED, Appellant.

*Opinion filed December 17, 1907.*

1. SCIRE FACIAS—*court will take judicial notice of its own records.* In a *scire facias* proceeding to revive a judgment the court will take judicial notice of its own records, and the record of the judgment, and the summons and return thereon, may be admitted in evidence without preliminary proof that they are the records of the court and pertain to the suit in question.

2. SAME—*what question is raised by a plea of nul tiel record in scire facias proceeding.* A plea of *nul tiel* record in a *scire facias* proceeding to revive a judgment presents the sole question whether there is a record of a judgment corresponding to the one set out in the writ, and such question is one to be determined by the court from an inspection and examination of the record itself.

3. SAME—*what cannot be shown in a scire facias proceeding to revive judgment.* In a *scire facias* proceeding to revive a judgment the defendant may show that no such judgment was rendered, or that, if rendered, it has been satisfied or discharged, but he can not show in defense any matter that was pleaded or might. have been pleaded.

4. SAME—*defendant in scire facias cannot show that judgment was in excess of amount of affidavit.* In a *scire facias* proceeding

to revive a judgment upon notes the defendant cannot show that the judgment exceeds the amount claimed by the affidavit of plaintiff's attorney in the original suit to be due upon the notes, and such question can be raised only by motion to vacate the judgment or upon appeal or writ of error.

5. SAME—*when recital of jurisdiction is conclusive.* In a *scire facias* proceeding to revive a judgment, if the original judgment recites that there was actual service of summons upon the defendant in apt time, and the summons and return support such recital, defendant cannot impeach the finding or return by evidence *dehors* the record that he was never served with summons in such action.

6. SAME—*when judgment of revival is in proper form.* A judgment in a *scire facias* proceeding which directs that the original judgment be revived and that the plaintiff have execution against the defendant for the amount of the original judgment and costs is sufficient in form, notwithstanding it contains a provision, which is surplusage, that the judgment "stand in full force and effect as of the date of the rendition of said judgment."

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

CHARLES F. DAVIES, and SOL ROSENBLATT, for appellant.

ADAMS & FROEHLICH, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a proceeding by *scire facias,* commenced by the Waterbury National Bank of Waterbury, Connecticut, against William S. Reed, in the circuit court of Cook county, on the 31st day of January, 1906, to revive a judgment recovered by said Waterbury National Bank against said William S. Reed in the circuit court of Cook county on the 25th day of April, 1895, for the sum of $1151.99. William S. Reed appeared and filed four pleas: (1) *Nul tiel*

record; (2) that in the original suit in which the judgment was obtained the record did not support the judgment, because the only evidence, as appeared of record, introduced at the time the said judgment was obtained was the affidavit of plaintiff's attorney that there was due upon the two promissory notes declared upon only the sum of $628, whereas the said supposed judgment was for $1151.99; (3) that the court rendering the said supposed judgment in said writ mentioned had no jurisdiction over the defendant at the time of rendering said judgment; and (4) that the defendant was never served with process in the supposed action in which said alleged judgment was rendered. A demurrer was sustained to the second, third and fourth pleas and issue was joined on the first plea. The case was tried before a jury, and at the close of all the evidence the court directed a verdict in favor of the plaintiff for the amount of said original judgment, and after overruling a motion for a new trial and in arrest of judgment, rendered judgment in favor of the plaintiff and against the defendant on said verdict, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The court, upon the trial before the jury, admitted in evidence, over the objection of the defendant, the original judgment which was rendered on the 25th day of April, 1895, and which recited that it appeared to the court that personal service of summons issued in said cause had been had on the defendant at least ten days before the first day of said term, and that he had been three times solemnly called in open court but came not nor anyone for him, but made default, whereupon the court, after hearing the allegations and proofs submitted by plaintiff, rendered judgment in favor of the plaintiff and against the defendant for the sum of $1151.99; also a summons bearing date December 11, 1894, issued in the said cause by the clerk of the circuit court of Cook county, which was endorsed by

the sheriff of Cook county personally served upon said William S. Reed by reading the same to him on the ninth day of January, 1895. The record of said judgment and said summons, and the return thereon, were produced by the attorney for the plaintiff in court and submitted to the court, and admitted in evidence before the jury without any proof that said record and summons, and the return thereon, were a part of the records and files of the circuit court of Cook county and pertained to the suit of the Waterbury National Bank against William S. Reed, and the first contention of the appellant is that no proper foundation for the admission of the record of the said judgment and said summons, and the return thereon, having been laid, the admission thereof was reversible error. This contention is without force, as a court will take judicial notice of its own records and files. (*Robinson* v. *Brown,* 82 Ill. 279; *Secrist* v. *Petty,* 109 id. 188; *Hangsleben* v. *People,* 89 id. 164; *Bailey* v. *Kerr,* 180 id. 412.) In a case like this the plea of *nul tiel* record raises only one question, and that is whether there is a record of a judgment corresponding to that set out in the writ, and that question is one to be determined by the court from an inspection and examination of the record itself. (19 Ency. of Pl. & Pr. p. 286, and cases cited.) The court did not, therefore, err in directing a verdict in favor of the plaintiff.

The appellant, on the trial, introduced in evidence the declaration in the original case, to which were attached copies of the notes sued on and an affidavit of the plaintiff's attorney showing that there was due upon said notes the sum of $628. The second plea attempted to set up as a defense to the revival of said judgment that the judgment was rendered for $1151.99, when the affidavit of plaintiff's attorney attached to the declaration showed that there was due the plaintiff only $628. The demurrer to that plea was properly sustained, as that question could only be raised by motion to vacate the judgment, or by appeal or writ of

error. The proceeding by *scire facias* to revive a judg-
ment is not brought to determine the obligations of the
defendant to the plaintiff as involved in the original contro-
versy, but is for the purpose of reviving the original judg-
ment in order that execution may issue thereon, and in such
proceeding the defendant cannot show any matter which
was pleaded or might have been pleaded in the original
suit. The only defenses which can be set up in a *scire facias*
proceeding are that no judgment was rendered, but if one
was rendered that it has been satisfied or discharged. *Bick-
erdike* v. *Allen,* 157 Ill. 95; *Smith* v. *Stevens,* 133 id. 183.

The third and fourth pleas sought to raise the question
of jurisdiction over the defendant's person in the suit in
which the original judgment was rendered. The third plea
did not state any facts but contained the mere conclusion
of the pleader, and while the fourth plea stated the defend-
ant had not been served with process, it did not negative
the fact that he had submitted his person to the jurisdic-
tion of the court, by appearance or otherwise. The third
and fourth pleas for those reasons, if for no other, were
vulnerable to demurrer. It is, however, the law of this
State that when a judgment of a court of general juris-
diction recites that there was actual service of process upon
the defendant in apt time and there is nothing in the record
to contradict such finding or return, the finding or return
cannot, at law, be impeached by evidence *dehors* the record,
(*Rust* v. *Frothingham,* Breese, 331; *Barnett* v. *Wolf,* 70
Ill. 76; *Zepp* v. *Hager,* id. 223; *Harris* v. *Lester,* 80 id.
307; *Hunter* v. *Stoneburner,* 92 id. 75;) although in a
proper case a false return may be set aside in equity;
(*Owens* v. *Ranstead,* 22 Ill. 161; *Hickey* v. *Stone,* 60 id.
458;) and it may be questioned before judgment by plea
in abatement, (*Mineral Point Railroad Co.* v. *Keep,* 22
Ill. 9; *Holloway* v. *Freeman,* id. 197; *Sibert* v. *Thorp,* 77
id. 43; *Ryan* v. *Lander,* 89 id. 554; *Union Nat. Bank of
Chicago* v. *First Nat. Bank,* 90 id. 56; *Chicago Sectional*

*Electric Underground Co.* v. *Congdon Brake-Shoe Manf. Co.* 111 id. 309;) or in case of default entered upon such return, on motion promptly made, the same may be set aside. (*Brown* v. *Brown*, 59 Ill. 315.) We think, therefore, the third and fourth pleas were bad in substance, and for that reason the demurrer as to those pleas, on the merits, was properly sustained.

It is finally contended that the judgment of revival was not in proper form. It directed that the original judgment be revived and that the plaintiff have execution against the defendant for the amount of said original judgment, with costs. This, we think, was sufficient, and the language contained in the judgment that the judgment "stand in full force and effect as of the date of the rendition of said judgment" may be disregarded as surplusage.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*