William Jacobs, Defendant in Error, v. Olive G. Lucas, Plaintiff in Error.

Gen. No. 35,688.

Opinion filed March 29, 1933.

J. GRAY LUCAS, JAMES B. CASHIN and E. H. MORRIS, for plaintiff in error.

WALTER A. ROONEY, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the court.

By this writ of error it is sought to review an order of the municipal court of Chicago, entered December 12, 1929, striking from the files an amended affidavit of merits filed in said cause in defense of a writ of scire facias to revive a judgment obtained by plaintiff against defendant in the municipal court of Chicago on November 1, 1922. Also by this order, defendant was defaulted for want of an affidavit of merits and the judgment revived. Defendant in error filed no brief herein. The writ recites among other things the following: "Now in behalf of said plaintiff, we have been informed that notwithstanding said judgment, execution of the same still remains to be made, and plaintiff has prayed that said judgment be revived according to law."

In answer to the writ, there was filed in said cause an affidavit of merits, wherein defendant alleged that "on the 13th day of November, A. D., 1928, there was paid to and received by said plaintiff, William Jacobs, the sum of $1600.00 in full satisfaction and discharge of said judgment." It is further set forth in said affidavit of merits that on the 15th day of July, A. D. 1922, defendant purchased from one Shapiro a certain automobile for the sum of $2,097, and that she paid therefor the sum of $800 in cash and delivered to Shapiro seven promissory notes aggregating the sum of $1,297, signed by her with the power of attorney in each note authorizing the entry of judgment thereon, all of said notes being secured by a chattel mortgage on the automobile purchased; that thereafter the notes were indorsed and delivered to the plaintiff, who, on the 1st day of November, 1922, recovered a judgment by confession on all of the notes for the sum of $1,439 and $16.50 as costs of the suit; that execution issued on the judgment and was returned by the bailiff of the

municipal court of Chicago with the indorsement of $680.50 paid thereon, which amount was receipted for by the plaintiff on such execution. It is further stated in such affidavit of merits that thereafter a levy was made by plaintiff on the automobile in question under the chattel mortgage given by defendant; that the defendant sued out a writ of replevin for the recovery of the automobile, gave the sheriff of Cook county a replevin bond for the sum of $2,400, and that in such replevin suit judgment was entered in favor of defendant Jacobs (plaintiff herein). It is further alleged in the affidavit of merits that thereafter Jacobs brought suit against defendant herein on the replevin bond given in said suit, recovered a judgment, and that execution issued upon said judgment and that a levy was made on certain real estate of the defendant which was sold to satisfy the execution, and that Jacobs received the sum of $1,887.85 of the proceeds of such sale; that the sheriff returned such execution satisfied, and that such sum so received by Jacobs was payment in full of all amounts due or claimed to be due and owing under the judgment in issue in this case, which affidavit of merits was stricken from the files by the order appealed from.

In *Waterbury Nat. Bank v. Reed,* 231 Ill. 246, the Supreme Court of Illinois said:

"The only defenses which can be set up in a *scire facias* proceeding are that no judgment was rendered, *but if one was rendered that it has been satisfied or discharged. Bickerdike v. Allen,* 157 Ill. 95; *Smith v. Stevens,* 133 Ill. 183."

The order striking the affidavit of merits from the files herein became a part of the common law record in this cause. Therefore it was unnecessary to file a bill of exceptions herein showing the action of the court below in regard to its action in striking the affidavit of merits from the files. In *Cohen v. Flaxman et al.,* 232 Ill. App. 240, the court said:

"At the outset, it is contended on the part of the plaintiffs that this court is not entitled, with only the common law record before it, to decide whether or not the trial judge erred in overruling the amended affidavit of merits and entering judgment by default. Considering, however, the nature of the plaintiffs' claim as set forth in its statement of claim and the allegations in the last amended affidavit of merits, it seems but reasonable to conclude from the order of the court striking the amended affidavit of merits from the files that *the motion to strike was considered as in the nature of a demurrer;* and as it is the law that the action of the trial court in sustaining a demurrer is preserved for review without a bill of exceptions, we are of opinion that the action of the trial court is before us for consideration. *Harmon v. Callahan,* 286 Ill. 59."

It was not necessary for an exception to be taken to the order of the court ordering the affidavit of merits stricken from the files.

In *People v. Upson,* 338 Ill. 145, the county court of Fulton county entered an order assessing an inheritance tax against the appellant in that cause, from which order an appeal was prosecuted. With reference to the question as to whether an exception should have been taken to the order from which the appeal was taken, the Supreme Court said:

"Appellee contends that on this appeal there is no question presented for review because no exceptions were taken to the order of the court and preserved in the bill of exceptions. Previous to the amendment of Section 81 of the Practice Act in 1911 there would have been much force in this contention. The effect of the amendment was considered in *Miller v. Anderson,* 269 Ill. 608, and *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co. v. Chicago City Railway Co.,* 300 id. 162, and it was held that the common law requirement of exceptions to rulings sought to be reviewed is obviated by the amendment of 1911."

Although the point is not raised in appellant's brief, the court calls attention to the fact that the writ in the instant case does not show that the judgment in question had not been paid. In *Smith v. Stevens*, 133 Ill. 183, in passing upon the question as to what a writ of scire facias must contain the Supreme Court said:

"*The writ therefore must show not only that he has not had execution of his judgment, but that his damages still remain unpaid, or that his right still subsists.* In *McVickar v. Heirs of Ludlow*, 2 Ohio, 246, in discussing the necessary averments of writs of this character, the court say: 'They must, therefore, contain everything that is required to constitute a good declaration; or, in other words, they must set out all the facts that are necessary to show a right in the plaintiff to the relief prayed for.' *In that case the court held the writ insufficient because it failed to aver that the plaintiff's judgment was unsatisfied.* To same effect see *Wolf v. Poundsford*, 4 Ohio, 397; *Union Bank of Georgetown v. Adm'r of Meigs*, 5 id. 312."

We are of the opinion that the facts set forth in the affidavit of merits constitute a defense to the action, and that the proper procedure of the municipal court is to allow respondent to file her affidavit of merits, and to give the parties a hearing on the defenses raised therein as was the procedure in *Waterbury Nat. Bank v. Reed, supra.*

The order of the municipal court of Chicago is reversed and remanded with the direction that it vacate the judgment, set aside the order striking the affidavit of merits from the files, and proceed as suggested herein.

*Reversed and remanded with directions.*

WILSON, P. J., and HEBEL, J., concur.