Hamlin *v.* Reynolds et al.

JOHN R. HAMLIN, Appellant, *v.* JAMES L. REYNOLDS *et al.*, Appellees.

APPEAL FROM COOK.

In order to review a case in the Supreme Court on a judgment pronounced on demurrer, an exception to such judgment is unnecessary; nor need it be preserved in a bill of exceptions.

A party who attempts to plead that another had property, etc., sufficient to satisfy an execution, etc., must set out that such property was subject to the execution, or it will be bad on demurrer.

In an action against an indorser, if he pleads that the maker had property liable to execution, which was known to the judgment creditor and the sheriff, and that they fraudently designed, etc., to harrass the indorser, and returned an execution, no property found; it will not be demurrable. And a party after such a plea had been overruled on demurrer, might not expect to be permitted to make proof of similar facts, under a plea of the general issue.

If an execution is relied on, as proof of diligence used in the collection of a debt, the process should remain in the hands of the officer, for its whole life; or the fact of the uselessness of its so remaining, should be pleaded. No presumption will be indulged, that the money could not be made, during the remainder of the days it had to run, after return was made.

THIS was a suit against an indorser of a promissory note after return of *nulla bona* to *fi. fa.* against the principal.

The declaration sets out that Edward Hamlin, on the 8th May, 1857, made two promissory notes, payable to John R.

Hamlin, or order, and indorsed to Reynolds, Ely & Co., each for $362, and due sixty and ninety days, value received, payable at the office of Reynolds, Ely & Co., in Chicago; that Reynolds, Ely & Co. sued the maker of said notes, at the September term of the Cook County Court of Common Pleas, 1857, (the first term after said notes became due,) and obtained judgment in said suit at the November term, A. D. 1857, for $739.08 and costs; that execution was issued on said judgment against Edward Hamlin, at the November term, directed to sheriff of De Kalb county, of which said Edward Hamlin was a resident, and was delivered to said sheriff on the 19th Dec., 1858, and was by him returned wholly unsatisfied, "no property found," on the 29th January, A. D. 1858, by means whereof, etc.

To this are added common counts.

There is no allegation when said writ was made returnable, and no allegation that *ninety days* had expired since the issuing of the *fi. fa.* before the return of the same.

Defendant filed the following pleas:

1. General issue.

2. That at the time of the suing out of execution, and during all the time the said execution was in the hands of sheriff, and when same was returned, said Edward Hamlin owned, and was possessed of, and held in his own name, a large amount of real estate and property in the county of DeKalb, sufficient to satisfy the execution, of which the said plaintiff had notice.

3. This count sets out, that at and during same time Edward Hamlin owned and possessed, etc., a large amount of real and personal property in DeKalb county, sufficient to satisfy said execution, and that the same was subject and liable to said execution, of all which the said Reynolds, Ely & Co., and said sheriff, had notice, but that the said plaintiff and said sheriff, contriving and designing to harrass and defraud the said John R. Hamlin, and put him to great cost and trouble, designedly and fraudulently caused said execution to be returned "no property found."

The plaintiffs demurred to the 2nd and 3rd pleas, which demurrer was sustained.

There was a trial by jury, and a verdict for Reynolds, Ely & Co. Motion for new trial overruled. Final judgment for Reynolds, Ely & Co., for $798.40, Manierre, Judge, presiding.

Defendant below prayed an appeal.

The evidence offered on the trial was the notes as set out in declaration, also execution in case of Reynolds, Ely & Co. *v.* Edward Hamlin, dated 9th Dec., 1857, returnable ninety days. Return of sheriff on back of same: "*I return this writ not satisfied, this 29th day of Jan.* 1858. *No property found.*"

It was admitted that said execution was issued on a valid judgment, duly recovered on said notes, at the time and in the court as set forth in the said execution.

This was all the evidence introduced in the cause.

H. B. HURD, for Appellant.

G. PAYSON, for Appellees.

WALKER, J. It is believed that no reported case can be found, either in Great Britain or this country, in which it has been held that it is necessary to except to the judgment on a demurrer, to enable the party to have the decision reviewed in an appellate court. By the ancient practice it was the final judgment in the case, on the count or plea to which the demurrer was interposed, and leave to amend or plead over was rarely if ever given. And the judgment on demurrer, by the modern practice, is final, unless the court in the exercise of its discretion permits an amendment, or grants leave to plead over. The judgment on the demurrer is as much a part of the record as any other judgment that is rendered by the court in the cause. The office of a bill of exceptions is to preserve that of record, which otherwise would not appear of record. By the practice of courts of common law jurisdiction, the evidence in a cause, the decisions of the court in admitting or rejecting evidence, affidavits on motions, and the reasons upon which motions are made, the giving and refusing instructions, and various other matters, do not appear of record, and are no part of it, unless embodied in a bill of exceptions, and by that means made a part of the record in the case. In the decision of all such questions, the judgment of the court is not usually spread upon the roll of its proceedings. While judgments by default, on demurrer, in cases of non-suit, final judgment on verdict, etc., have by the practice at all periods, been so entered and regarded as a part of the record. It would be improper practice, to embody a judgment on a demurrer in a bill of exceptions, as it would uselessly incumber the record and unnecessarily add to the expense of litigation. The position that the judgment on the demurrer to the second and third pleas in this case, was not excepted to in the court below is wholly untenable.

The appellant's second plea, which was to the whole declaration, alleges that at the time of suing out the execution directed to the sheriff of DeKalb county, and during all the time it was in the hands of the sheriff, and when the same was returned, the said Edward Hamlin owned and was possessed of, and held in his own name, a large amount of real estate and property in the

county of De Kalb, sufficient to satisfy the execution, of which the plaintiffs had notice. The demurrer admits the truth of the facts stated in the plea. But when thus admitted, they do not constitute a defense to the action. The plea entirely fails to aver that any portion of this property was liable to execution, and it has been held by this court, that it is not necessary that the assignee should proceed to judgment and execution against a maker who only has the amount and kind of property exempt from execution, before he can charge the assignor. *Pierce* v. *Short*, 14 Ill. R. 146. For aught appearing in this plea, all of the property thus held by the maker, may have been exempt from sale on execution. The plea should have averred that it was liable, and for want of such an averment it was obnoxious to the demurrer.

The third plea was to the first count of the declaration, and in addition to the facts contained in the second, averred that the property was liable to execution, which was known to the sheriff and the plaintiffs, and that they for the purpose and design of harrassing and defrauding the defendant, designedly and fraudulently caused the execution to be returned no property found. This court, in the case of *Nixon* v. *Weyhrich*, 20 Ill. R. 600, lay down the rule, that when diligence by suit is relied upon, "the plaintiff was bound to prosecute a suit against the maker, with due diligence, not only to judgment but also to satisfaction. The intention of the law is that the amount shall be made of the maker, if by reasonable diligence that can be done. Due diligence means reasonable diligence ; it means such diligence as a prudent man would exercise in the conduct of his own affairs. If for the want of such diligence the money is not collected of the maker, it is designed that the loss should fall upon the holder and not on the assignor." The court again say in the same case : " If the plaintiff, by reasonable diligence, might have known of property of the maker sufficient to satisfy the debt, then he could not recover." In that case the question arose on the evidence, and in this it is upon the pleadings, but they both involve the same legal proposition, and the decision in that case is decisive of this. The court below therefore erred in sustaining the demurrer to this plea.

It is also urged, that under the general issue the same defense could have been made as under this plea. The presumption is, that as the court held the plea insufficient, that proof of the same facts alleged in the plea would have been regarded as constituting no defense, and that the appellant did not therefore attempt to introduce such evidence on the trial. The question had once been presented to and decided by the court, and without some intimation of a change of opinion by the court, the

appellant would be justified in supposing the court would adhere to the decision already made. Had the plea remained unanswered, by demurrer or replication, it might be otherwise.

It is urged as a further ground for reversal, that the execution was returned by the sheriff some thirty-seven days before it expired. That the party may, after he resorts to a suit to coerce the payment of the money, abandon it, and show that its further prosecution would be unavailing, is true. *Bestor* v. *Walker et al.*, 4 Gilm. R. 3. In that case it was held by the court that the holder, after obtaining judgment, will be excused from suing out execution when such process would be wholly unavailing. And if insolvency should intervene after the commencement of the suit and by the time judgment has been recovered, so as to render every attempt to collect the money unavailing, that fact should be alleged in the declaration, to excuse from issuing execution, just as it would to excuse from instituting a suit, had insolvency existed at the maturity of the note. This doctrine seems to be reasonable and just. The maker may be solvent at the institution of the suit, and by the time judgment is obtained, he may be insolvent and further legal proceedings become useless. But when diligence is relied upon, and not insolvency, to charge the assignor, the diligence must be complete, and such as the ordinary remedies of the law afford. When the execution is issued and its return is relied upon as evidence of diligence, it is not evidence of that fact unless it has remained in the hands of the officer for the entire period of its life. If the assignee obtains judgment and fails to issue execution, to recover he must aver and prove that a *fi. fa.* would have been unavailing, and so when it has been sued out and returned *nulla bona* before the expiration of the time it had to run, he must aver and prove that its continuance in the hands of the officer would have been unavailing. When judgment is obtained, no presumption is thereby created that a *fi. fa.* would not obtain the money within ninety days, and when it is returned no property found, forty days after it is issued, although it is evidence that the maker then had no property, it does not afford evidence that he would have none within the next fifty days.

It was urged that the party had a right to recover under the common counts, and that the court will presume that the appellees under them made all the proof necessary to a recovery. No such presumption can be indulged, because all the evidence is preserved in the bill of exceptions, and it contains no evidence that the maker had no property liable to execution from the date of the return, till the expiration of ninety days, from the time it was issued. All presumptions of that character are thus cut off by the bill of exceptions. Nor was it the duty of the appel-

lant to prove that the maker had such property after the return of the writ. Before the appellees entitled themselves to a recovery, they were bound to show that they had used due diligence by suit, or that having instituted a suit, its further prosecution would have been wholly unavailing. And this they have failed to do.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Judgment reversed.*