ROSE B. BENNETT

v.

THE UNION CENTRAL LIFE INSURANCE COMPANY.

*Opinion filed June 16, 1903.*

1. PLEADING—*notice of election to abide by plea is unnecessary.* If a pleading is held bad on demurrer the pleader must abide by his pleading if he would have the decision on the demurrer reviewed, but it is not necessary that he give notice of his election to do so.

2. APPEALS AND ERRORS—*when decision on demurrer is open to review.* Where leave is given to plead over and another plea is filed, to which a demurrer is sustained, and no leave is taken to amend or plead over or other steps taken indicating an abandonment of the plea, the decision of the court on the demurrer is open for consideration by a court of review.

3. SAME—*an exception to decision on pleadings is unnecessary.* The pleadings are part of the record proper, and any alleged error in decisions upon the pleadings is reviewable, on appeal, without a bill of exceptions.

4. INSURANCE—*company may be estopped to insist upon a forfeiture.* An insurance company is estopped to insist upon a forfeiture, if, after the cause of forfeiture has accrued, it treats with the assured in such manner as to recognize the policy as still subsisting.

5. SAME—*when company is estopped to insist upon forfeiture.* Taking security for over-due and unmatured premium notes and extending the time of their payment estops the company from insisting upon the failure to pay the former notes at maturity as ground of forfeiture, where the money to pay the notes was collected on the security and tendered after the death of the assured but before maturity of part of the notes.

6. SAME—*a clause prohibiting verbal waiver does not apply to implied waiver.* A clause in an insurance policy providing that no forfeiture shall be waived except by a writing signed by the officer having authority, applies to an express waiver, and not to a waiver implied by law from a course of conduct which estops the company from insisting upon a forfeiture.

*Bennett v. Union Central Life Ins. Co.* 104 Ill. App. 402, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

FREDERICK A. BROWN, and C. W. GREENFIELD, (BROWN & ALLING, and JAS. S. WIGHT, of counsel,) for appellant:

A provision in a policy of insurance that it shall become void in a certain event will not render the policy absolutely void upon the happening of such event. Such a condition is made for the benefit of the insurance company, and may be waived. *Insurance Co.* v. *Warner,* 80 Ill. 410; *Insurance Co.* v. *Klewer,* 129 id. 599; *Insurance Co.* v. *Jones,* 62 id. 458; *Insurance Co.* v. *Cary,* 83 id. 453; *Insurance Co.* v. *Armstrong,* 145 id. 469; *Insurance Co.* v. *Johnston,* 42 Ill. App. 66.

A provision in an insurance policy that none of its terms can be modified or forfeiture waived except by the written agreement of the president, vice-president, secretary or assistant secretary, being for the benefit of the insurer, may be waived; and such waiver may be evidenced by the acts of the agents of the company other than those authorized to waive forfeiture. *Insurance Co.* v. *Keach,* 32 Ill. App. 427; *Insurance Co.* v. *Dowdall,* 159 Ill. 179; *Insurance Co.* v. *Norton,* 96 U. S. 234; *Insurance Co.* v. *Schlink,* 175 Ill. 290.

JAMES A. FULLENWIDER, and JOHN M. HAMILTON, for appellee:

Where a demurrer is sustained to a pleading and the party against whom it is sustained elects to plead over, he thereby abandons the former pleading, and in the court of review no question can be raised as to those abandoned pleadings or as to whether a demurrer was properly sustained to them or not. *Dickhut* v. *Durrell,* 11 Ill. 72; *Barrelett* v. *Bellgard,* 71 id. 280; *Snell* v. *Cottingham,* 72 id. 169; *Furnace Co.* v. *McGill,* 108 id. 656; *MacLachlan* v. *Pease,* 171 id. 527; *Weiss* v. *Binnian,* 78 Ill. App. 292; *Hippach* v. *Makeever,* 64 id. 126.

The extension of the premium notes as alleged in these replications was invalid and void because of no consideration and because they were not extended to any defi-

nite time or for any definite period.   *English* v. *Landon*, 181 Ill. 614.

Parol evidence as to the extension of premium notes would vary the contract, and is therefore not admissible. *Accident Co.* v. *Bates*, 176 Ill. 195; *Insurance Co.* v. *Hook*, 56 N. E. Rep. 906; *Insurance Co.* v. *Baldwin*, 62 Ohio St. 368.

Where the contract provides that the insurance shall cease upon non-payment of the notes given for premium, such contract is valid and the policy becomes null and void, and such provision of forfeiture is self-executing. *Lehman* v. *Clark*, 174 Ill. 292; *Indemnity Ass.* v. *Hunt*, 127 id. 257; *Traveling Men's Ass.* v. *Schauss*, 148 id. 304; *Thompson* v. *Insurance Co.* 104 U. S. 252; *Insurance Co.* v. *Statham*, 93 id. 24; *Insurance Co.* v. *Eggleston*, 96 id. 572; *Insurance Co.* v. *Pendleton*, 112 id. 696.

A demand of payment, and even the collection, of a note given for premium due on an insurance policy, and which has been forfeited for non-payment of the note at maturity, will not waive the forfeiture of the insurance, where it is provided in the note or the policy that notwithstanding the forfeiture the note shall be collectible as earned premium without waiving the forfeiture or reviving the policy. *Limerick* v. *Gorham*, 37 Kan. 739; *Schimp* v. *Insurance Co.* 124 Ill. 354; *Pitt* v. *Insurance Co.* 100 Mass. 500; *Roehner* v. *Insurance Co.* 68 N. Y. 160; *Insurance Co.* v. *Jarvis*, 22 Conn. 133; *Watrous* v. *Insurance Co.* 35 Iowa, 582; *Wall* v. *Insurance Co.* 36 N. Y. App. 157; *Muhleman* v. *Insurance Co.* 6 W. Va. 508; *Insurance Co.* v. *Boykin*, 25 S. C. 323.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant brought an action of assumpsit in the circuit court of Cook county against the appellee company to recover on a policy of insurance issued by the appellee company June 29, 1898, on the life of Fernando W. Bennett in the sum of $3000, payable to the appellant, the wife of the assured.   The appellee company pleaded the general issue and a special plea.   It was averred in

the special plea that the annual premium on said policy of insurance was $186.56; that the annual premium payment became due when the policy was issued, on June 30, 1898; that the assured did not pay the same but executed his four promissory notes therefor, three of such notes being in the sum of $42.19 each and the other in the sum of $60; that one of said notes for $42.19 fell due September 30, 1898, and was payable to C. W. Sampson, soliciting agent of the appellee company; that the other two of said notes for $42.19 fell due, respectively, December 30, 1898, and March 30, 1899, and the $60 note fell due June 30, 1899, the latter described three notes being payable to the appellee company; that the note payable to Sampson was a promissory note in the ordinary form, the other three notes specifying they were given for the premium on the policy of insurance, and recited as follows: "Said policy, including all conditions herein for surrender or continuance as a paid-up policy, shall, without notice to any parties interested therein, be null and void on the failure to pay this note at maturity, with interest payable annually. In case this note is not paid at maturity the full amount of premium shall be considered earned as premium during its currency, and the note payable without reviving the policy or any of its provisions." The plea averred the policy contained the following clause:

"*First*—The failure to pay, if living, any of the first three annual premiums, or the failure to pay any notes or interest upon notes given to the company for any premium, on or before the days upon which they become due, shall avoid and nullify this policy without action on the part of the company or notice to the insured or beneficiary; and all payments made upon this policy shall be deemed earned as premiums during its currency. Any and all notes, with their conditions, which may be given for premiums or loans upon the security of this policy, are hereby made a part of this contract of insurance."

The plea further averred that the assured was living when the notes falling due September 30 and December 30, 1898, respectively, matured, and did not, nor did any one for him, pay either of said notes when the same became due or at any time thereafter, and that neither of said notes, nor any part of either of them, has been paid, and pleaded that said policy of insurance became null and void, under its terms, by reason of the non-payment of said notes. The plea further averred that the note to fall due March 30, 1899, and that to fall due June 30, 1899, remained unpaid and were yet in the hands of the appellee company, and that no part of the first annual premium due upon the policy had been paid, and for that reason the appellee company was relieved of all liability to pay the insurance on the life of the said deceased.

The appellant added the *similiter* to the general issue, and by leave of the court, on the 22d day of October, 1900, filed replications to the special plea. Demurrers were presented to all of the replications, and were sustained as to all except Nos. 1 and 2. Replications Nos. 1 and 2 averred the notes which matured September 30 and December 30, 1898, had each been paid prior to the death of the deceased. On the 4th day of December, 1900, a number of additional replications were filed, but all were adjudged obnoxious to demurrer. On June 15, 1901, by leave of the court two additional replications were filed. The appellee company exhibited demurrers to these replications, and the court adjudged the demurrers to be well taken as to each replication. The transcript of the record as made by the clerk recites that the appellant excepted to the rulings of the court as to the sufficiency of the replications. The cause went to trial before the court and a jury on the issue made under the general issue and the special plea and replications Nos. 1 and 2. The appellant sought to introduce proof to establish the facts set up in the replications filed June 15, 1901, to which demurrer had been sustained, but the court refused

to permit the evidence to be received and directed the jury to return a verdict for the appellee company. In obedience to this direction a verdict for the company was returned and judgment was entered thereon. The Appellate Court for the First District affirmed the judgment, and the cause is before us by the further appeal of the appellant.

We may first consider the assignment that the court erred in sustaining the demurrer presented to the replication filed on June 15, 1901. The appellee company is in error in the contention that the appellant cannot be heard to urge that it was error to sustain the demurrer to said replication, for the reason, to quote from the brief in its behalf, "the well established rule in this State is, that where a demurrer is sustained to a pleading and the party against whom it is sustained elects to plead over he thereby abandons the former pleading, and in the Appellate Court no question can be raised as to those abandoned pleadings or as to whether demurrer was properly sustained to them or not. The only way to preserve such pleadings and demurrer for review by the Appellate Court is for the pleader to stand by the pleadings to which demurrer has been sustained. And this election must be shown in the record. It cannot be done by simply taking exception to the rulings of the court in sustaining the demurrers." It is the well established rule in this court that if a pleading is held insufficient on demurrer the pleader must abide his pleading, or, as is sometimes said, must elect to stand by his plea, if he would have the correctness of the judgment pronounced on the demurrer reviewed in a superior court, but it is not requisite he shall orally or in writing advise the court that he abides his pleading or elects to stand thereon. If he asks leave to amend the pleading in order to obviate the defect pointed out by the demurrer or asks leave to plead over, he thereby abandons his original pleading and does not abide or "stand by" it. If he takes no steps

from which a waiver or abandonment of his pleading is to be presumed, he has abided or "stood by" his pleading, and may be heard to urge in a court of review that his plea was good in law and that it was error to hold it insufficient on demurrer. If leave is given to plead over, and another plea is filed and a demurrer is interposed and sustained to such latter plea, and no leave is asked or taken to amend or to plead further, or other steps taken indicating an abandonment, the decision of the court upon the demurrer remains an open question, to be considered upon error. That the parties proceeded to trial on the issues made by other pleadings in the case has no tendency to indicate that the pleading to which the demurrer was sustained had been abandoned. The appellant in the case at bar, after the demurrers thereto had been sustained, did not ask leave to amend the replication or to reply over or anew, but went to trial on the issues formed by the pleading. He abode or "stood by" his replication, and is free to urge in this court that the trial court erred in sustaining a demurrer thereto.

We find nothing in the cases cited by counsel for the appellee company at all inharmonious with the view here expressed. In each of such cases the pleader did not abide his pleading, but pleaded over, and for that reason was deemed to have waived the right to urge that the court erred in its ruling upon the demurrer. In *MacLachlan* v. *Pease*, 171 Ill. 527, the case most relied on by counsel for appellee, the plaintiff in the trial court filed a replication to the seventh plea of the defendant and a demurrer was sustained to such replication and leave was given to amend the replication, which was done. To this amended replication the defendant again demurred and the court sustained the demurrer, and the decision of the court in sustaining the demurrer to the amended replication was assigned as for error in this court, but we said: "Upon looking into the record it appears plaintiff did not stand by his replication, [to which

the demurrer had been sustained,] but on July 24, 1896, he filed another replication, upon which an issue was formed and the cause was submitted to the court for trial." The holding was, that the filing of the last replication waived the right to assign as for error the action of the court upon the prior replication. It does not appear from the bill of exceptions in the case at bar that the appellant excepted to the ruling of the court on the demurrer. Nor is it necessary such should be shown by the bill of exceptions. The pleadings are included in the record proper, and an alleged error based on a judgment rendered on the pleadings is reviewable on appeal without a bill of exceptions. *Hamlin* v. *Reynolds*, 22 Ill. 207; *Safford* v. *Vail*, id. 326; *Baker* v. *People*, 105 id. 452; 3 Ency. of Pl. & Pr. 406.

We think the trial court erred in holding the replication in question was obnoxious to a demurrer. It reads as follows:

"*First*—That after the giving of the said notes, and on January 7, 1899, said Bennett, at the request of the defendant, drew an order, in writing, upon one C. M. Hardy, which order was on the same day duly accepted in writing by him, and said order and acceptance were as follows, to-wit:               " '*January 7, 1899.*

" '*C. M. Hardy, Esq.*—Please pay to the Union Central Life Insurance Company of Cincinnati, Ohio, the amount of my four notes given by me for the premium upon my life insurance policy in that company, out of any moneys belonging to me which you may collect on the judgment in favor of Adolph Grunow against the Chicago Tire and Spring Company.

F. W. BENNETT.

" 'Accepted, payable out of any moneys collected by me belonging to Mr. Bennett on the judgment mentioned in this order.                              C. M. HARDY.'

"Plaintiff avers that there was due and owing to said Bennett out of said judgment an amount more than sufficient to pay the said notes, with interest; that on the same day said order so accepted was duly delivered to the defendant by said Bennett and was accepted by the

defendant, and in consideration thereof, the defendant agreed to and did extend the time of payment of said notes firstly and secondly described, until the said written order should by its terms become payable; that afterwards, and on the 19th day of March, 1901, said Hardy collected on said judgment on account of the interest of said Bennett mentioned in said order, $333, and on the 19th day of March, out of said money so received, tendered to the defendant, at his office in Chicago, Illinois, the full amount, with interest, of all of said notes, to-wit, the sum of $220, which it refused to accept, and said Hardy has been at all times since, and is now, ready to pay the same."

If it should be conceded that the appellee company, by reason of the failure of the assured to pay at maturity the note which fell due on the 30th day of December, 1898, might insist it was relieved of all liability under the policy,—and that, also, without any formal declaration of forfeiture, cancellation or return of the notes given by the assured, or other affirmative action upon its part,—still, it is well settled that if it should subsequently recognize the policy as still subsisting, and should treat with the assured in a manner inconsistent with the insistence that the policy had become forfeited, and in such manner as to indicate that it was not its intention to claim that the policy had lost its vitality, a case would be presented justifying the conclusion the company had waived the right to insist upon a forfeiture. (*Traders' Mutual Life Ins. Co.* v. *Johnson,* 200 Ill. 359; 19 Am. & Eng. Ency. of Law,—2d ed.—pp. 57, 58, and cases cited in notes 1, 2 and 3, p. 58.) The substance of the replication under consideration is, that the assured was the owner of and entitled to a portion of the proceeds of a judgment which had been rendered in favor of Adolph Grunow and against the Chicago Tire and Spring Company, which judgment was in the hands of one C. M. Hardy for collection for the benefit of the

assured and the other owners thereof; that the appellee company, after the cause of forfeiture had fully accrued, and during the lifetime of the assured, agreed with the assured that if he would secure to the company the payment of the interest which the assured held in the said judgment it would extend the time of the payment of the four notes which he had given for the premiums on the policy on his life until the said judgment should be collected, and that the assured accepted such offer and executed an order in writing, directing and authorizing the said Hardy to pay to the appellee company the full amount of the said notes out of any moneys collected by the said Hardy for the assured from the said judgment debtor, and procured such order to be accepted by said Hardy, and delivered the order, so accepted, to the appellee company, and that the appellee company accepted the same and held and retained the said order during the remainder of the lifetime of the assured; that on the 19th day of March, 1901, which was after the death of the assured but before either of the two latter notes of the assured fell due, the said Hardy collected the judgment, and on the same day, and out of the moneys so collected, tendered to the appellee company the full amount of the four notes held by it against the assured. The demurrer admitted these averments to be true. If true, it is manifest the appellee company could not accept and hold the order on Hardy, and thus secure to itself the benefit of the contract during the lifetime of the assured, for the security of the amounts due on the past due and also the unmatured notes, and be allowed to repudiate the agreement in the event of his death.

The argument of counsel that the agreement was without consideration cannot avail. Without conceding a legal and valuable consideration is an essential basis of a waiver, we find such consideration here present. By the terms of the contract the appellee company obtained the transfer to it of the interest of the assured

in the judgment as collateral security for the amount of the four notes,—the two that were past due and the two that were unmatured. Prior to the making of the contract set forth in the replication and the execution by the assured of the order to Hardy, and its acceptance, the appellee company had but the individual notes of the assured, without any security for their payment. Conceding, as claimed by counsel, it had the right to avoid liability on the policy and collect the amount earned as premiums, still the replication disclosed that the company preferred to obtain security for the payment of all the notes and to remain liable upon the policy of insurance, and that the assured provided satisfactory security by means of the transfer of his interest in the judgment against the Chicago Tire and Spring Company. The right to enforce a forfeiture is for the benefit of the appellee company. It is not the policy of the law to favor a forfeiture, but it is strictly in accord with legal principles to hold that it shall be deemed waived or abandoned by acts which recognize the continued validity of the policy. If the averments of this replication can be supported by proofs, it is clear the defense sought to be made by the special plea would be fully precluded.

The policy contained a clause providing that "none of its terms can be modified nor any forfeiture under it waived save by an agreement in writing, signed by the president, vice-president, secretary or assistant secretary of the company, whose authority for this purpose shall not be delegated." There is no attempt here to vary the terms of the written agreement by parol proof, but only to show that the appellee company, subsequent to the issuance of the policy and to the cause of forfeiture thereof, entered into a parol agreement, the legal consequence of which was to estop it from availing itself of a ground of forfeiture. The clause in the policy has relation only to express agreements to waive a forfeiture. The replication does not rely upon any such express agreement.

It sets forth a contract entered into by the company which it was within its power to make, and from which the law declares a waiver or estoppel, not because of any express agreement to waive any provision of the policy, but as the legal consequence of the contract entered into by the appellee company.   If the averments of the replication are true, it would be highly unjust and indefensible, upon any ground of right or good morals, to permit the company to avoid liability on the ground the policy had been forfeited before it entered into the contract set forth in the replication.   The contract, and the rights, duties and obligations of the parties under it, are inconsistent with the right of the appellee company to insist upon a forfeiture, and the law therefore declares a waiver, not because the appellee company has by any of its officers, either verbally or in writing, agreed that the forfeiture should be waived, but because the law declares it waived by the acts and conduct of the appellee company, and without regard to whether it intended to expressly agree to a waiver.   By the contract set forth in the replication the appellee company sought to secure the payment of premiums not yet accrued or earned by it, and as a consequence the law regards the policy as existing and the right to declare a forfeiture waived for that reason.   The waiver to be here enforced is of the class known to the law as implied waivers, to which reference is made in *Schimp* v. *Cedar Rapids Ins. Co.* 124 Ill. 354, and it is founded, not upon any express agreement to waive the ground of forfeiture, but, as was said in the case cited, upon the doctrine that a party cannot be heard to say his contract "is valid for one purpose, and, in the same breath, that it is invalid for all other purposes," and upon "the general principles of common honesty and natural justice which the law exacts of mankind in their intercourse and dealings with one another."

It was error to sustain the demurrer to the replication under consideration, and for that error the judgment of

the trial court and that of the Appellate Court must be and are each reversed. The cause will be remanded to the trial court, with directions to overrule the demurrer and to take such further proceedings in the cause as to law and justice may appertain.

*Reversed and remanded.*