[Civ. No. 1798. First Appellate District.—December 30, 1916.]

# L. B. SOWELL, Respondent, v. LONDON ASSURANCE CORPORATION, Appellant.

INSURANCE—RECOVERY ON ASSIGNED POLICY—OWNERSHIP OF PROPERTY—EFFECT OF STIPULATION.—In an action to recover on a fire insurance policy by the purchaser of the property and the assignee of the policy, where it was stipulated on the trial that there was no dispute as to the ownership of the property, except that after the policy was issued, and prior to its assignment, the insured made a contract to sell the property to a person other than the plaintiff, and that such change in the title, if it was a change in the title, constituted the essence or gist of the defense, the ownership of the property ceased to be an issue in the case, and evidence is properly excluded tending to show that a son of the insured having the same name signed the deed to the plaintiff instead of the insured himself.

ID.—APPROVAL OF TRANSFER OF POLICY—OMISSION OF AGENT TO NOTE OUTSTANDING CONTRACT OF SALE—KNOWLEDGE OF FACT—WAIVER OF SOLE AND UNCONDITIONAL OWNERSHIP CLAUSE.—Such a policy is not rendered void under the sole and unconditional ownership clause by reason of the omission of the agent who issued the policy and who indorsed upon the same the approval of the transfer of the policy to the plaintiff to note thereon the outstanding contract of sale, where the facts concerning such contract were fully known to such agent at the time of the conveyance and assignment to the plaintiff, as the approval of the transfer, under such circumstances, amounted to a waiver of the clause respecting the title to the property, which otherwise would have rendered the assignment void.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

H. A. Thornton, for Appellant.

Gallaher & Aten, for Respondent.

THE COURT.—This is an appeal from a judgment and order denying a new trial in an action to recover upon an insurance policy, in which action the plaintiff prevailed.

The complaint in the case alleged that one W. E. Beeson was the owner of the land and buildings insured at the time of the issuance of the policy thereon, and that subsequently thereto said W. E. Beeson sold, assigned, transferred, and set over to the plaintiff all of his interest in the property, and that said W. E. Beeson shortly after said transfer also assigned and transferred to plaintiff all of his interest in and to said policy of insurance, with the consent of the said defendant by its agent indorsed on said policy; that thereafter the said buildings were destroyed by fire. The answer of the defendant denied that at any time said W. E. Beeson was the owner of the lands, premises, and buildings mentioned in the complaint, but alleged that at the time of the issuance of the policy of insurance the said W. E. Beeson represented himself so to be. The defendant also denied the alleged purchase of the said lands and premises from the said W. E. Beeson, for want of information and belief, and further denied upon the same ground that the said W. E. Beeson sold or transferred the said policy of insurance to the plaintiff, or that the defendant through its agent consented to the same. The answer also set up as an affirmative defense the averment that the interest of said W. E. Beeson in the insured property was not such an unconditional and sole ownership thereof as the terms of the policy required.

Upon the trial of the cause it appeared that W. E. Beeson, subsequent to the issuance to him of the policy of insurance, had made a contract of sale of the premises to a party by the name of Beringer, who had gone into possession thereunder, and was in such possession of the property at the time of its transfer by said W. E. Beeson to the plaintiff. After the introduction of this proof it was stipulated in open court between the counsel for the respective parties that "there was no dispute as to the ownership of the property except that after the insurance policy was issued a certain contract of sale was made by W. E. Beeson to a party by the name of Beringer, and that that change in the title, if it was a change in the title, constituted the essence or gist of the defense." This stipulation was agreed to by counsel for the defendant, with the additional suggestion that the contract of sale made with Beringer was prior to the conveyance to the plaintiff of the premises and assignment of the policy.

Upon the conclusion of the plaintiff's case a motion for nonsuit was made on behalf of the defendant upon several grounds, upon the argument of which it was again stipulated "that W. E. Beeson was the owner of the property at the time the policy was issued." The motion for a nonsuit was then denied.

If there is anything which seems perfectly plain from the foregoing statement of facts as shown by the record, it is that the ownership of the property by the Mr. W. E. Beeson who was alleged in the complaint to be its owner at the time of the issuance of the policy of insurance, and who thereafter made the contract of sale to Beringer and the transfer of the property and assignment of the policy to the plaintiff herein, was stipulated and agreed to by both sides at the trial and prior to the close of the plaintiff's case, and that thereby the ownership of the said W. E. Beeson, and his identity as such owner and transferrer of the property and policy of insurance, ceased to be an issue in the case. Notwithstanding this state of the record the defendant, after its motion for nonsuit had been denied, undertook to offer some evidence tending to show that a certain W. E. Beeson, who was the son of the W. E. Beeson who owned the property, had signed the deed to the plaintiff. Objection was made to the introduction of any such evidence, upon the ground that there was no such evidence in the case in view of the stipulation as to the title to the property. The remarks of the court in ruling upon this matter—which ruling the appellant assigns as error—are somewhat involved and obscure; but it seems sufficiently plain that the court intended to rule out the evidence upon the ground that the matter was no longer an issue in the case, and this appears more certain when we turn to the findings of the court, which are in accord with the stipulation of the parties as to the identity of the W. E. Beeson who was the owner of the property, and to whom the policy was issued, and who made the various agreements and transfers and assignments shown in the evidence. We find no error, therefore, in the rulings and findings of the court as to the ownership of the property, and transfer thereof by the same person who was alleged in the complaint to have acted as such owner and transferrer thereof and assignor of the policy of insurance upon which this action is brought.

The other point insisted upon by the appellant is that the evidence in the case shows that at the time of the transfer of the property and assignment of the policy by W. E. Beeson to the plaintiff herein he was not the sole owner of the property, by virtue of the fact of his outstanding contract of sale to Beringer, which fact not being noted upon the policy by the defendant through its authorized agent at the time of such assignment thereof, renders the policy void, and hence the judgment erroneous. The evidence in the case, however, shows that the facts regarding the outstanding contract with Beringer, and the possession by the latter of the premises thereunder, were fully known to C. P. Walton, the agent of the defendant who had issued the insurance policy and who indorsed upon the same the approval of the transfer thereof. The finding of the court is that said C. P. Walton was the general agent of the defendant for the purpose of soliciting insurance, writing and delivering policies, and making indorsements on and transferring interests in such policies; and the evident conclusion of the trial court from these findings is that said C. P. Walton, by his indorsed approval of the transfer of the policy from the person originally insured to the plaintiff, with full knowledge of the state of the title to the property, waived on behalf of the defendant the terms of the policy which would render such transfer void when the state of the title is not made to appear on the face of the policy or the indorsement thereon. We are of the opinion that the finding of the court as to the authority of said Walton as a general agent of the defendant is sustained by the proofs in the case, and that his full knowledge of the ownership of the property by Beeson, and of his outstanding contract of sale with Beringer at the time of the deed and assignment to plaintiff, was sufficiently shown. This being so, we are satisfied that as a matter of law the approval by the defendant of the transfer of the policy to the plaintiff, made by its general agent under the circumstances above set forth, amounted to a waiver of those conditions of the policy respecting the title to the property which otherwise would have rendered the assignment void. (*Raulet* v. *Northwestern Nat. Ins. Co.,* 157 Cal. 213, [107 Pac. 292]; *Bennett* v. *Union Central Life Ins. Co.,* 203 Ill. 439, [67 N. E. 971]; *Phenix Ins. Co.* v. *Grove,* 215 Ill. 299, [25 L. R. A. (N. S.) 1, 74 N. E.

141].)    We are therefore of the opinion that the appellant's contention in this respect is also without substantial merit.

The judgment and order are affirmed.