(No. 12003.—Reversed and remanded.)

ANNA J. S. HARMON *vs.* A. P. CALLAHAN, Plaintiff in Error.—(CHARLES SUMNER HARMON, Exr., Defendant in Error.)

*Opinion filed December 18, 1918.*

1. PRACTICE—*when motion to strike affidavit of merits must be considered as a demurrer.* Under rule 22 of the municipal court, abolishing demurrers and substituting a motion to strike the affidavit of merits, a motion to strike the defendant's affidavit of merits must be regarded as having been treated by the trial court as a demurrer, where the motion was sustained as to a part, only, of the affidavit of merits.

2. SAME—*action of court in sustaining a demurrer is preserved for review without a bill of exceptions.* The action of the court in sustaining a demurrer to a plea is preserved for review without a bill of exceptions, and so, also, is the action of the municipal court in sustaining in part, only, a motion to strike the defendant's affidavit of merits. (*Mann* v. *Brown,* 263 Ill. 394, distinguished.)

3. SAME—*correct practice when record is insufficient to present the errors assigned.* If a motion to strike the defendant's affidavit of merits, which was sustained in part by the municipal court, is not included in the record prepared for the Appellate Court but a consideration thereof is necessary to enable the Appellate Court to determine the merits of the case, the Appellate Court should direct the clerk of the municipal court to certify such motion as a part of the record.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

WILLARD C. McNITT, and JOSEPH A. BATES, (JOHN L. HOPKINS, and DONALD J. DEWOLFE, of counsel,) for plaintiff in error.

CULVER, ANDREWS, KING & STITT, (CHRISTOPHER KING, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Anna J. S. Harmon brought suit in the municipal court of Chicago against A. P. Callahan to recover rent alleged to be due her for certain premises in the city of Chicago from February 1, 1912, to April 30, 1913, at the rate of $166.67 per month, under a lease in which Mary Foley was named as the lessee and which the defendant, Callahan, had signed as guarantor. On October 8, 1915, the defendant filed a second amended affidavit of merits to the plaintiff's claim. The judgment order appearing in the transcript of the record of the municipal court recites that on October 29, 1915, the plaintiff moved the court to strike the affidavit of merits from the files, and that the court "sustains said motion and same is ordered stricken from the files of this cause, except a certain part thereof as per motion filed;" that the defendant elected to stand by his second amended affidavit of merits, and that the court thereupon rendered judgment against the defendant by default for want of an affidavit of merits and assessed the plaintiff's damages at $2297.60. Callahan appealed to the Appellate Court for the First District, and the judgment of the municipal court was there affirmed. He has brought the cause here for review by writ of *certiorari.*

Since the record was filed in this court the plaintiff, Anna J. S. Harmon, has died, and Charles Sumner Harmon, as executor of her will, has been substituted as defendant in error.

The transcript of the record of the municipal court was prepared in accordance with a *præcipe* filed with the clerk of that court by the attorney who appeared for Callahan in the municipal court but who has since died. It sets forth the plaintiff's statement of claim, the defendant's second amended affidavit of merits and the judgment order above mentioned. It contains no bill of exceptions, and the motion to strike the second amended affidavit of merits from the files was not included in the transcript of the

record. While the cause was pending in the Appellate Court plaintiff in error obtained leave to file certain rules of the municipal court in the Appellate Court, and these rules, certified by the trial judge and by the clerk of the municipal court, are treated by both parties as properly before us for consideration in this case. One of these rules is as follows:

"Rule 22. *Demurrers abolished.*—No demurrer shall be allowed, but the court may, on motion, order any statement of claim or affidavit of merits of defense to be stricken out on the ground that such statement of claim or affidavit does not reasonably inform the defendant or the plaintiff, as the case may be, of the cause of action or defense relied upon by the party filing the same, or the court may order a more specific or amended statement or affidavit to be filed. If it appears that the party filing a statement of claim or affidavit is relying on a cause of action or defense that is clearly unfounded in law, the court may order the same stricken out and the action to be dismissed or judgment to be entered accordingly as may be just."

The defendant in error contends, and the Appellate Court held, that when the municipal court struck the affidavit of merits from the files it ceased to be a part of the record and could only be restored as a part of the record in the cause by bill of exceptions. While, as held in cases cited by the Appellate Court and relied upon by defendant in error, it is a general rule that the action of a court in striking a pleading from the files can only be preserved for review by bill of exceptions showing the pleading, the motion to strike and the decision of the court thereon, such rule does not apply where, instead of being purely a motion to strike, the motion is, in effect, a demurrer to the pleading. The affidavit of merits is the defendant's pleading in the municipal court and takes the place of the defendant's plea in common law actions, and it appears from the rule of the municipal court above set out that what would be termed at common law a demurrer to

this pleading is in the municipal court required to be in form a motion to strike. It is settled by the decisions of this court that the action of the trial court in sustaining a demurrer to a plea is preserved for review without a bill of exceptions. *Hamlin* v. *Reynolds,* 22 Ill. 207; *Safford* v. *Vail,* 22 id. 326; *Bennett* v. *Union Central Life Ins. Co.* 203 id. 439.

It is said by defendant in error, however, that in this case the motion to strike cannot be considered as a demurrer because the motion is not in the record, and this court therefore cannot say that the municipal court did not have other grounds than the insufficiency of the affidavit of merits as a defense for striking the affidavit of merits from the files. The action of the court in striking only a part of the affidavit of merits can only be explained upon the theory that the court treated the motion to strike as a demurrer to the affidavit of merits. Had the motion been considered purely as a motion to strike the pleading from the files and not as a demurrer, the affidavit of merits, as a whole, would necessarily have been stricken. The court, however, sustained the motion as to a part, only, of the affidavit of merits, clearly showing that the motion challenged the matters set up in the affidavit of merits as a defense to the plaintiff's claim, and while the motion is not before us it is evident from the judgment, when compared with the statement of claim and the affidavit of merits, that the portion of the affidavit of merits which was not stricken was that part which set up as a defense to a portion of the claim that the plaintiff had received from Mary M. Seed as rent for the premises the sum of $202.40 which had not been credited on the claim, as that sum is the exact difference between the amount claimed and the amount for which judgment was rendered. The plaintiff having elected to stand by his pleading, the court rendered judgment for that portion of the claim to which no sufficient defense had been interposed. It therefore clearly ap-

pears from the record that the motion to strike was, in effect, a demurrer to the affidavit of merits.

The case of *Mann* v. *Brown,* 263 Ill. 394, is plainly distinguishable from the case at bar. There the whole affidavit of merits was stricken from the files on motion of plaintiff, and in the absence of anything showing that the motion was, in effect, a demurrer filed in the form of a motion to strike, as required by a rule of the municipal court, we held that the action of the municipal court in striking the affidavit of merits from the files could only be preserved by bill of exceptions.

In order to pass upon the question presented to the Appellate Court for review the motion to strike should have been before that court. It was not included in the transcript of the record filed in that court. The record was incomplete and insufficient to enable the Appellate Court to fairly consider the errors assigned. Section 81 of the Practice act provides that "if it shall appear to the Supreme or Appellate Court that the record in any cause is incomplete or insufficient upon which to fairly consider and pass upon the errors or cross-errors assigned, such court shall order the clerk of the trial court to certify such additional parts of the record as it shall deem necessary." In compliance with this statute the Appellate Court should have ordered the clerk of the municipal court to certify to the Appellate Court the motion to strike which had been omitted from the record and should then have considered the cause upon the merits, treating the motion to strike as a demurrer to the affidavit of merits and the decision of the court thereon as properly preserved for review without a bill of exceptions.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to order the clerk of the municipal court of Chicago to certify to the Appellate Court the motion to strike the affidavit of merits from the files and then to consider the cause upon the merits.     *Reversed and remanded, with directions.*