552    APPELLATE COURTS OF ILLINOIS.

Citizens Securities and Inv. Co. v. Olson & Co., 234 Ill. App. 552.

Citizens Securities and Investment Company, Appellee,
v. Alfred Olson, trading as Alfred Olson & Company et al., Appellants.

Gen. No. 28,971.

1. APPEAL AND ERROR—*necessity for bill of exceptions to review order striking affidavit of merits.* Where the order of the trial judge striking an affidavit of merits recited that it was stricken on the ground that it set up no defense, the motion to strike was in the nature of a demurrer and the action of the trial judge is preserved for review without a bill of exceptions.

2. NEGOTIABLE INSTRUMENTS—*legal sufficiency of affidavit of merits averring nonexecution by two of three comakers of note sued on.* In a suit against three defendants on a promissory note, an affidavit of merits reciting that two of such defendants did not sign or execute the note is a good direct traverse of a material fact as to them and should not have been stricken as to such defendants.

Appeal by defendants from the Municipal Court of Chicago; the Hon. Charles A. WILLIAMS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded. Opinion filed October 30, 1924.

OTTO F. RING, for appellants; JOHN W. TAUCHEN, of counsel.

ARTHUR F. McCORMICK, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal, in a fourth-class case in the municipal court, from a judgment in the sum of $515.66, rendered on July 11, 1923, in favor of the plaintiff, Citizens Securities and Investment Company, and against the defendants, Douglas L. Olson, Alfred Olson and Elbert Olson. No bill of exceptions has been filed, and we are, therefore, limited to a consideration of what properly is disclosed in the common-

law record. The plaintiff filed an original statement of claim and, then, successively two amended statements of claim. On behalf of the defendants there was filed an appearance, a jury demand, an original affidavit of merits, and, successively, two amended affidavits of merits. In the course of the settlement of the pleadings, the plaintiff, by leave of court, made and had served as defendants, Elbert Olson and Douglas L. Olson—in addition to Alfred Olson—doing business as Alfred Olson & Company.

All the affidavits of merits that were filed were stricken from the files on the ground that they set up no defense, and leave was given the defendants to file affidavits of merits instanter, and the cause was set for trial on July 11, 1923. The defendants filed an amended affidavit of merits on July 9, 1923. On July 11, 1923, the court, on motion of the plaintiff, entered an order that it be stricken from the files on the ground that it set up no defense, and ordered further, on motion of the plaintiff, that, as it appeared that the defendant was in default for want of an affidavit of merits, default be entered against "said defendant" for want of such affidavit of merits. That order, also, contains the following:

"And as to the damages sustained by the plaintiff herein, the Court hears the evidence contained in the affidavit of plaintiff's claim filed herein, and finds therefrom that there is due to the plaintiff the sum of money shown in said affidavit of claim to be due and assesses the plaintiff's damages at the sum of Five Hundred Fifteen and 66/100 Dollars ($515.66)."

The record then shows the judgment order as follows:

"This cause coming on for further proceedings herein, it is considered by the Court that the plaintiff have judgment on the default and assessment of damages herein and that the plaintiff have and recover of and from the defendants, Douglas L. Olson, Alfred Olson and Elbert Olson, the damages of the plaintiff

amounting to the sum of $515.66 in form as aforesaid assessed, together with the costs by the plaintiff herein expended, and that execution issue therefor.''

The amended statement of claim upon which the cause went to trial recites that there is due the plaintiff ''from the defendants the sum of $500 on a note, a copy of which is attached hereto, together with interest, making a total due them of the sum of $505.93.'' The copy attached, after reciting the date, is as follows: ''Sixty days after date we promise to pay to the order of ourselves, Alfred Olson Co., $500 and 00 cts. Dollars at Union Bank of Chicago. Value received with interest at the rate of 7 per cent per annum.'' It is signed, ''Alfred Olson Co., Douglas L. Olson, 4651 N. Clark St.''

It is contended for the defendants that the trial judge erred in striking the amended affidavit of merits from the files. On the other hand, it is claimed on behalf of the plaintiff that as there is no bill of exceptions here, the action of the court in striking the affidavit of merits cannot be considered here on review. The record is that ''the defendants' affidavit of merits be and it is hereby stricken from the files on the ground that it sets up no defense.''

In *Harmon v. Callahan*, 286 Ill. 59, the law is laid down as follows:

''While, as held in cases cited by the Appellate Court and relied upon by defendant in error, it is a general rule that the action of a court in striking a pleading from the files can only be preserved for review by bill of exceptions showing the pleading, the motion to strike and the decision of the court thereon, such rule does not apply where, instead of being purely a motion to strike, the motion is, in effect, a demurrer to the pleading.''

Inasmuch, therefore, as the order of the trial judge recited that the affidavit of merits in the instant case was stricken on the ground that it set up no defense,

it follows (1) that the motion to strike was in the nature of a demurrer; and (2) the action of the trial judge in striking the affidavit of merits is preserved for review without a bill of exceptions.

The question, therefore, arises whether it was erroneous to strike the amended affidavit of merits from the files. The affidavit of merits first alleges that all three of the Olsons have a good defense upon the merits. It then recites that Alfred and Elbert did not sign or execute the note sued upon. That, as far as they are concerned, is a good direct traverse of a material fact. The suit being upon a note, a denial that they signed it made a material issue of fact.

The affidavit of merits further recited that the note sued upon was made and executed by the defendant Douglas L. Olson as the result of relying upon certain fraudulent misrepresentations made by one G. W. Friend, who delivered the note to the plaintiff corporation. Those allegations of fraud, however, are not sufficient to make out a defense on the part of the defendant Douglas L. Olson. They consisted of alleged misrepresentations in regard to the history of the Sulphur Lick Country Club, as to selling perpetual life memberships as an inducement to prospective members; as to issuing a mortgage bond on the property of the club to each applicant; as to the existence of a building, under construction, on the property of the Club, and in regard to a certain painting contract, and certain other matters. It does not allege, however, that Douglas L. Olson became a member of any kind, life or otherwise, of the Club. As to that, it merely recites that as an inducement to the subscription by Douglas L. Olson for membership in the Club, the latter would award to Alfred Olson & Company a contract for painting the said building, and would cancel the application for perpetual life membership and return the membership fee if a certain painting contract were not awarded to Alfred Olson & Com-

pany. What the note was given for is not stated.

The result of what is recited in the affidavit of merits, in our judgment, is that it sets up a good defense as to Alfred and Elbert Olson, but not as to Douglas L. Olson; and, as the trial judge struck the affidavit of merits and entered a joint judgment in the sum of $513.66 against all three defendants, it is erroneous. The affidavit of merits as to Alfred and Elbert Olson should not have been stricken.

We do not pass on the sufficiency of the statement of claim as we are reversing the judgment on the ground that it was erroneous to strike the affidavit of merits.

The judgment, therefore, will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

O'Connor, P. J., and Thomson, J., concur.